The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Tamara R. Nance and the briefs before the Full Commission. Plaintiff waived oral argument in this matter. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
The parties stipulated the following items into evidence:
1. The Form 21 Agreement, which was not submitted to the Industrial Commission for approval, but pursuant to which plaintiff was paid temporary total disability benefits from 25 August 1993 to 29 November 1993.
2. Medical records of Dr. Hart, Dr. Stutesman, Dr. Pekman, Dr. Marchese and Dr. McCloskey.
3. Wipe Glaze job description provided to plaintiff by defendant-employer.
4. Records of plaintiff's search for work.
5. Plaintiff's Notice of Termination from her job with defendant-employer.
* * * * * * * * * * * * * *.
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. Plaintiff, who is 30 years old and right hand dominant has a ninth grade education. Her work history consists of manual labor jobs within the furniture industry.
2. In her position with defendant-employer, plaintiff worked as a jitterbug sander. This was a repetitive motion job which required the continuous use of a vibrating hand-held sander.
3. In November 1991 plaintiff began experiencing problems with her hands. Plaintiff's hands began to tingle and were growing numb. Plaintiff was initially examined by Dr. Robert Hart, of the Hart Industrial Clinic. Dr. Hart noted that plaintiff had been experiencing cramps in her right hand and that she was dropping things.
4. Subsequent to her initial visits with Dr. Hart, plaintiff continued to experience difficulties with her hands and in obtaining a conclusive diagnosis from the physicians who examined her. Eventually, plaintiff was diagnosed as suffering from bilateral carpal tunnel syndrome by Dr. Mark Marchese, a neurosurgeon in Hickory. 5. Although the Industrial Commission Form 21 Agreement for Compensation referenced above was not approved by the Commission, defendant accepted liability for plaintiff's occupational disease along with the compensable consequences associated therewith. Further, as is also noted in the above stipulations, defendant paid temporary total disability compensation to plaintiff as a result of her condition.
6. Plaintiff's employment with defendant-employer caused and/or significantly contributed to her development of the occupational disease carpal tunnel syndrome. Further, plaintiff's occupational disease is characteristic of and peculiar to her employment with defendant-employer and exposed her to an increased risk of developing the disease such that it is distinguishable from an ordinary disease of life to which the general public is equally exposed outside of the employment.
7. As the result of plaintiff's compensable carpal tunnel syndrome, Dr. Marchese first performed left and then right carpal tunnel releases in September and October 1993. Plaintiff was released to return to light duty work on 29 November 1993 with restrictions that she not perform work involving repetitive motion or lifting greater than ten (10) pounds for a period of three (3) months.
8. Prior to 29 November 1993 defendant-employer sent plaintiff a wipe glaze job description, which was to be plaintiff's position when she returned to work. According to the description provided by defendant-employer, the wipe glaze job would require extensive use of the hands and wrists. Specifically, in such a position plaintiff's duties would have included rubbing the surface of furniture to which filler, stain, glaze or washcoat had been applied followed by removal of the excess substance. The wipe glaze job also required rubbing filler into open pored wood and spreading stain over the surface using a brush, cloth or a power rubbing tool. Further, the position would also require the polishing of rough spots on the surface of the furniture prior to applying glaze using steel wool.
9. In a hand written note on the wipe glaze job profile defendant-employer requested plaintiff to provide her physician with the description. However, this is contrary to defendant-employer's own company policy of contacting the treating physician for their approval of jobs following injuries at work by its employees. In fact, Dr. Marchese was not contacted by defendant-employer for approval of the wipe glaze job.
10. Plaintiff reported to work on 29 November 1993 but was unable to perform the wipe glaze job due to her condition. The wipe glaze job offered to plaintiff by defendant-employer was not within the physical restriction established by Dr. Marchese for plaintiff's return to work. That position required the repetitive use of plaintiff's hands and wrists in direct contradiction of Dr. Marchese three (3) month time period in which plaintiff was to perform no work involving repetitive motion.
11. According to the testimony of Mr. David Drum, defendant-employer's plant manager and Mr. Terry Dougherty, defendant-employer's human resources manager, the wipe glaze job as described and offered to plaintiff would require modifications to be within the restrictions established by Dr. Marchese. There is no indication that any plans for modification of the wipe glaze job or any plans for special assistance that might have been provided to plaintiff were ever communicated by defendant-employer to plaintiff or her treating physician.
12. Plaintiff reported to Dr. Marchese a few days later and told him that she had tried the glaze wipe job but that it had involved heavy repetitive work. Dr. Marchese then recommended that plaintiff seek other work within his restrictions.
13. It is the opinion of the Full Commission that plaintiff was justified in refusing to accept the wipe glaze job offered by defendant as it was unsuitable given her physical condition and limitations resulting from her compensable occupational disease. 14. Plaintiff left work on 29 November 1993, defendant-employer terminated her employment on that date and has made no effort since to find her a suitable job within their company. Thereafter, plaintiff made reasonable efforts to find other employment suitable to her condition, but was not successful in obtaining a job and has not worked since 29 November 1993.
15. As the result of her compensable carpal tunnel syndrome plaintiff has been incapable of earning the same wages in her former position with defendant-employer or in any other employment beginning on 29 November 1993 and continuing.
16. Plaintiffs average weekly wage is $257.23.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's occupational disease, carpal tunnel syndrome, was caused by conditions characteristic of and peculiar to her employment with defendant-employer. Further, plaintiff's employment exposed her to an increased risk of developing the disease than members of the general public outside of the employment. G.S. § 97-53 (13).
2. The Full Commission concludes that as the result of her occupational disease plaintiff was justified in refusing employment offered to her by defendant-employer on 29 November 1993. G.S. § 97-32.
3. As the result of her occupational disease plaintiff is capable of some work but after a reasonable effort has been unsuccessful in her attempts to locate suitable employment.Russell v. Lowes Product Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993). Plaintiff is therefore entitled to be paid by defendant temporary total disability compensation at the rate of $171.57 per week from 29 November 1993 and continuing, subject to the attorney's fee hereinafter approved. G.S. § 97-29; Hilliardv. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982).
4. Plaintiff is entitled to have defendant pay for all reasonable medical expenses incurred or to be incurred as the result of her compensable occupational disease. G.S. § 97-25.
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $171.57 per week from 29 November 1993 and continuing until plaintiff obtains suitable employment, defendant obtains permission from the Industrial Commission to cease making payments or a determination of permanent partial disability is made. This amount is subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred by plaintiff as the result of her compensable occupational disease when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five (25) percent of the compensation provided to plaintiff in the above Award is approved for plaintiff's counsel which shall be deducted from accrued amounts and paid directly to plaintiff's counsel in a lump sum. Thereafter, counsel for plaintiff shall receive every fourth check payable to plaintiff pursuant to the above Award.
4. Defendant shall pay the costs including an expert witness fee, if unpaid, of $250.00 to Dr. Marchese.
* * * * * * * * * * * * * * *
ORDER
This matter is hereby REMANDED to a Deputy Commissioner for determination of the date of maximum medical improvement and permanent partial disability, if any, and shall be placed of the next available calendar in Newton. Defendant shall be entitled to a credit for any overpayment of temporary total disability compensation paid to plaintiff after the date of maximum medical improvement and permanent partial disability compensation was due.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ J. RANDOLPH WARD COMMISSIONER