Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
A Form 21 agreement has been approved in the case and is incorporated by reference.
The Full Commission finds as a fact and concludes as a matter of law the following, which was entered into by the parties at the hearing as a
STIPULATION
1. Defendants continued to pay compensation to plaintiff through the date of hearing.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff, who was fifty eight years old as of the date of hearing before the Deputy Commissioner, had been employed approximately five years for defendant-employer as of January 10, 1993. She sustained a compensable injury by accident on that date when her feet became tangled in some metal bands on the floor at work and she twisted and fell. As a result of the fall, she sustained an injury to her low back. Her medical reports were not placed into evidence, so the details of her initial medical treatment are not known, but she was treated at some point by Dr. Ward S. Oakley, Jr., who later referred her to Dr. James E. Rice, an orthopaedic surgeon.
2. Dr. Rice began treating plaintiff on July 22, 1993. He reviewed myelogram and CT Scan results which revealed disk bulging and lateral recess stenosis at L4-5, but he did not recommend surgery. On examination, plaintiff had significant swelling of her feet, chronic venous stasis changes, and respiratory problems, and Dr. Rice felt that her respiratory condition should be addressed first. When he next saw her in October 1993, he referred her to Dr. F. Ferrell Collins, Jr., a pulmonary specialist. Dr. Rice then followed her back condition through March 1, 1996. There was minimal change in her condition as of that date.
3. Defendants admitted liability for benefits under the Workers' Compensation Act for plaintiff's January 10, 1993 injury by accident and paid compensation to her for temporary total disability through the date of hearing. However, they requested that they be allowed to stop paying compensation on the basis that Dr. Rice indicated that she could do light work activities on a part-time basis based solely on her back condition.
4. Plaintiff has performed jobs requiring manual labor throughout her adult life. At the time of her injury, she was also mowing lawns to earn extra income. Following the injury at work, she developed other health problems unrelated to her back condition, the precise nature of which was not revealed by the evidence. She also gained a significant amount of weight, but was unable to exercise in order to help with losing it. Her other medical problems have compounded her back condition.
5. Dr. Rice has indicated that most patients with plaintiff's back condition could perform work with limited lifting, bending and stooping, and with frequent changes of position, but he indicated that it was very difficult to separate her problems. At best, she would have to have very flexible hours in a part-time position which was not physically demanding. However, considering her entire medical picture, she probably would not be able to return to work in any capacity.
6. Plaintiff's back condition could not be separated from her total medical condition considering the circumstances and the effect her other health problems had on her back problems. With her medical problems it would be futile for her to look for work. Defendants have not only failed to prove that she could obtain suitable employment, the evidence established that it would be highly unlikely that a job could be found with the flexibility necessary to accommodate her impairments. Furthermore, even if such a job were found, she could not work on a full time basis and probably could not earn wages equal to her former wages with defendant-employer.
7. Plaintiff has apparently reached maximum medical improvement since Dr. Rice has given her a permanent partial disability rating, but the evidence did not establish the date. In any event, she would receive more compensation for her ongoing disability than as a result of her permanent partial disability rating, so it is presumed that she would elect to receive the greater recovery.
* * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation for permanent and total disability at the rate of $161.57 per week for the remainder of her life barring change of condition. N.C. Gen. Stat. § 97-29
2. Since Plaintiff's compensable injury, combined with other inseparable health problems, has rendered her totally unemployable, she is entitled to benefits under N.C. Gen. Stat. § 97-29 without being required to produce evidence of a reasonable effort to find other employment. Russell v. LowesProduct Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993).
3. Plaintiff may not receive compensation for an impairment rating in addition to her total and permanent disability compensation since recovery under G.S. § 97-31 is in lieu of any other compensation. N.C. Gen. Stat. § 97-31; Whitleyv. Columbia Lumber Mfg. Co., 318 N.C. 89, 348 S.E.2d 336
(1986).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. §§ 97-2(19) and 25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay compensation to plaintiff for total and permanent disability at the rate of $161.57 per week for the remainder of her life barring change of condition. This award is subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred or to be incurred in the future by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of twenty five percent of the compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Harn. He shall receive every fourth check.
4. Defendants shall pay the costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER