THOMAS N. RUSSELL v. LOWES PRODUCT DISTRIBUTION AND FRED S. JAMES COMPANY

No. 9210IC12

(Filed 2 February 1993)

**Master and Servant § 69.1 (NCI3d)— injured employee—total disability award sought—employee able to work—showing of reasonable effort to find other employment required**

An injured employee seeking an award of total disability under N.C.G.S. § 97-29, who is unemployed, medically able to work, and possesses no preexisting limitations which would render him unemployable, must produce evidence of a reasonable effort to find other employment.

**Am Jur 2d, Workers' Compensation § 398.**

Appeal by plaintiff from Opinion and Award for the North Carolina Industrial Commission entered 17 October 1991. Heard in the North Carolina Court of Appeals 8 December 1992.

*Franklin Smith and Brian Flatley for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis III and Richard L. Pennington, for defendant-appellee.*

GREENE, Judge.

Plaintiff Thomas N. Russell (Russell) appeals from Opinion and Award for the North Carolina Industrial Commission (the Commission) denying total disability payments from Russell's employer, Lowe's Product Distribution (Lowe's), and the administrator of its self-insurance plan, the Fred S. James Company.

Russell, at the time of the initial hearing on this dispute, was thirty-five years old and had a high-school equivalency degree. Prior to 1988, he had been employed as a house painter, an assembly line worker, and a textile worker. Russell began working for Lowe's in February, 1988, as a forklift operator on the first shift. His job responsibilities included manually removing merchandise from tractor-trailer trucks. Russell was injured on 10 August 1988, when he fell from the top of a row of boxes while unloading a truck for Lowe's. Russell landed on the bed of the truck, striking his back and shoulders and causing him severe pain. Lowe's admitted

## RUSSELL v. LOWES PRODUCT DISTRIBUTION

[108 N.C. App. 762 (1993)]

liability for Russell's injury under the Workers' Compensation Act (the Act), and voluntarily paid Russell temporary total disability from 11 August 1988 until 9 August 1989. Shortly after his injury, Russell saw Dr. John Bond, who hospitalized Russell for twenty-two days for traction therapy. When this did not alleviate his pain, Russell was referred to Dr. Ernesto de la Torre, who performed surgery on Russell's neck on 28 November 1988 to remove a ruptured disk. On 8 March 1989, Dr. de la Torre released Russell to return to work with no restrictions.

On 13 March 1989, Russell spoke with Thomas Oakes, personnel manager of Lowe's, about returning to work. As no jobs were available on the first shift, Oakes offered Russell a second-shift position which involved loading trucks. Russell refused the position and Lowe's agreed to send Russell to Dr. Craig Bennett, an orthopedic specialist, for further medical evaluation. Dr. Bennett treated Russell and referred him for more tests. The tests failed to show any definitive physical problems except for mild arthritic changes and scar tissue. Dr. Bennett testified that because of his injury, Russell is unable to perform the type of heavy manual work required in the position he held at Lowe's at the time of his injury. Dr. Bennett found that Russell had reached maximum medical improvement on 27 July 1989. He rated Russell's disability at 20% permanent impairment of the back, and released him to work with certain permanent restrictions. These restrictions included no forward bending, no overhead activity, no standing or sitting for prolonged periods of time, and no prolonged lifting greater than twenty-five pounds.

After release with these restrictions, Russell again reported to Lowe's for work. Upon seeing the work restrictions, Lowe's informed Russell that no job in its distribution center could be performed within the restrictions. Russell attempted to find work at other jobs, but was unsuccessful. On 12 August 1989, Russell filed with the Commission seeking permanent total disability under Section 97-29 of the Act. A hearing was held, at which the Commission made the following pertinent findings of fact:

10. . . . Dr. Bennett rated plaintiff with a 20 percent permanent partial disability to the back and on July 27, 1989 released him to return to work with the restrictions of no forward bending, no overhead activity, no lifting greater than 25 pounds, and no prolonged standing or sitting. These restrictions would

be permanent for the plaintiff as pertains to prolonged manual labor or repetitive-labor activity.

. . . .

12. Subsequent to being released by Dr. Bennett on July 27, 1989, plaintiff returned to [Lowe's]. However, [Lowe's], upon seeing the restrictions that had been placed upon plaintiff by Dr. Bennett, informed him that there was no work available and further informed him that he was released from his employment with Lowe's Products Distribution.

13. Plaintiff obtained maximum medical improvement on July 27, 1989 and returned to work but no work was available with [Lowe's]. Thereafter, plaintiff sought work at various locations. Plaintiff made seven or eight job applications according to his testimony . . . . Plaintiff was refused jobs at two locations because of his medical restrictions. At the other locations, plaintiff was not sure why he was refused. He did not know whether it was because there was no work available or whether it related to his restrictions and/or job training.

14. Plaintiff was vague in his testimony about work he had sought and was unable to name the exact names of employers to whom he had made application nor the dates upon which he had made application nor for what jobs he had applied nor how he represented himself to the prospective employers except for the limited number of applications heretofore noted. Thus, the undersigned [Deputy Commissioner] does find as fact that plaintiff reached maximum medical improvement and thereafter, even though he was unable to return to work with [Lowe's], did not vigorously seek other employment nor has he demonstrated that he has any disability other than as noted by Dr. Bennett which would prevent him from seeking other employment.

Based on these findings, the Commission made the conclusion of law that Russell was not entitled to permanent total disability because he had not carried his burden of producing evidence of disability within the meaning of the Act. Russell appeals.

---

The dispositive issue is whether an injured employee seeking an award of total disability under N.C.G.S. § 97-29, who is unemployed, medically able to work, and possesses no preexisting

**RUSSELL v. LOWES PRODUCT DISTRIBUTION**

[108 N.C. App. 762 (1993)]

limitations which would render him unemployable, must produce evidence of a reasonable effort to find other employment.

The standard of review on appeal to this Court of a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact, and whether these findings support the conclusions of the Commission. *Watson v. Winston-Salem Transit Auth.*, 92 N.C. App. 473, 475, 374 S.E.2d 483, 485 (1988). In weighing the evidence, the Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony, and may reject entirely the testimony of a witness if warranted by disbelief of the witness. *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951).

An employee injured in the course of his employment is disabled under the Act if the injury results in an "incapacity . . . to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9) (1991). Accordingly, disability as defined in the Act is the impairment of the injured employee's earning capacity rather than physical disablement. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 434, 342 S.E.2d 798, 804 (1986).

The burden is on the employee to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). The employee may meet this burden in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment, *Peoples*, 316 N.C. at 443, 342 S.E.2d at 809; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment, *id.* at 444, 442 S.E.2d at 809; 1C Arthur Larson, *The Law of Workmen's Compensation* § 57.61(d) (1992); (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment, *Peoples*, 316 N.C. at 444, 342 S.E.2d at 809; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. *Tyndall v. Walter Kidde*

RUSSELL v. LOWES PRODUCT DISTRIBUTION

[108 N.C. App. 762 (1993)]

Co., 102 N.C. App. 726, 730, 403 S.E.2d 548, 550, *disc. rev. denied,* 329 N.C. 505, 407 S.E.2d 553 (1991).

Lowe's argues that Russell did not present sufficient evidence to satisfy his burden. Specifically, Lowe's contends that Russell did not present adequate evidence of a reasonable effort on his part to obtain other employment. There is no dispute between the parties, and the record evidence establishes, that Russell is capable of doing some work, that he does not have a job, and that seeking employment is not futile because of some preexisting condition. Therefore, the only question is whether Russell presented sufficient credible evidence that he made a reasonable effort to obtain employment. He testified, and the Commission found, that he sought work at "various locations." Specifically, Russell testified that he made seven or eight job applications and was refused employment in each instance. The Commission, however, rejected this testimony as not credible on the grounds that Russell "was unable to name the exact names of employers to whom he had made application nor the dates upon which he had made application nor for what jobs he had applied . . . ." Because the Commission is the sole judge of the credibility of the witnesses and has rejected as not credible Russell's evidence that he made a reasonable effort to obtain other employment, Russell did not meet his burden of showing the existence of a disability. Accordingly, the decision of the Commission is

Affirmed.

Judges COZORT and WYNN concur.