The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except the modification of Finding of Fact No. 5, deleting Finding of Fact No. 16 and Conclusion of Law No. 2, and clarifying that the issue of plaintiff's permanent partial impairment, if any is reserved for subsequent determination.
Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner with some modifications as follows:
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
The parties stipulated into evidence rehabilitation reports, photographs and job search records.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 44 years of age, a high school graduate with vocational educational training in welding, and a certified welder. Plaintiff's vocational background consists of various types of welding employment, heavy equipment repair, electro-mechanical maintenance, machining, and construction. Plaintiff also has some supervisory experience related to his vocational background.
2. On 6 October 1990, plaintiff was employed by defendant as a structural welder. On that date, plaintiff sustained an admittedly compensable injury when a 400 pound pipe fell onto his right arm rupturing his biceps tendon, which was surgically repaired by Dr. Davison on 25 October 1990.
3. Following his surgery, plaintiff continued under Dr. Davison's care through the spring of 1991, participated in extensive physical therapy and work hardening programs, and underwent a functional capacity evaluation. During the spring of 1991, plaintiff also participated in a welding refresher course.
4. On 12 July 1991, plaintiff was seen by Dr. Westly who treated him with conservative modalities for continuing pain and tenderness in his right elbow and arm.
5. On 21 October 1991, plaintiff reached the end of the healing period from his 6 October 1990 injury by accident and resulting surgery, and as a result thereof has been assigned a 17 percent permanent partial impairment of his right arm by Dr. Stephen K. Westly. On 21 October 1991, Dr. Westly released plaintiff from his care, at which time plaintiff was capable of returning to gainful employment although his residual impairment and continuing symptoms of pain and tenderness in his right arm as a result of his 6 October 1991 injury by accident and resulting surgery, restricted him from prolonged or repetitious activity requiring gripping or twisting force in excess of five pounds, intermittent lifting or carrying of over 75 pounds and repetitive lifting or carrying over chest or shoulder height of greater than 35 pounds.
6. Thereafter, plaintiff was seen and treated conservatively for continuing symptoms of pain and tenderness in his right elbow, arm and hand by doctors at the VA Hospital and Dr. Westly, and evaluated as to these same symptoms by Dr. Francis.
7. As a further result of his 6 October 1990 injury by accident and resulting surgery, plaintiff has lateral epicondylitis in his right elbow/arm which is aggravated by activity and for which plaintiff may reasonably require further medical care, including surgery, in order to effect a cure, give relief, or lessen his disability.
8. As a result of his 6 October 1990 injury by accident and resulting surgery, plaintiff is unable to return to work as a structural welder.
9. Following his release to return to work on 21 October 1991, defendant employer did not have available employment which was suitable to plaintiff's capacity.
10. In November 1990, defendants assigned a vocational consultant to provide vocational assistance to defendant. In September of 1991, plaintiff began job search activities with the assistance of defendants' vocational consultant which initially concentrated on jobs that were compatible with his vocational background and which existed within his local geographic region. From September of 1991 until July of 1992, plaintiff unsuccessfully followed up on in excess of 100 job leads. In late April or early May of 1992, a new vocational consultant was assigned to plaintiff's case. Thereafter, the nature and type of job leads that plaintiff was provided with changed considerably to include jobs for which he was not vocationally qualified or which would require relocation. Thereafter, plaintiff became frustrated with vocational placement assistance efforts and his confidence in his vocational consultant deteriorated. However, plaintiff continued to cooperate with vocational placement assistance and where he did not follow up on job leads, his action was reasonable and justified.
11. In June of 1992, defendants requested approval of the Industrial Commission to cease payment of plaintiff's compensation due to plaintiff's alleged refusal to cooperate with vocational placement assistance. Defendants' request was approved administratively on 8 July 1992.
12. Following cessation of compensation benefits, plaintiff continued to cooperate with vocational placement assistance and engaged in a reasonable, albeit unsuccessful, job search. By August, 1992, defendants suspended vocational assistance. However, plaintiff continued on his own to engage in a reasonable job search which continued up to the evidentiary hearing in this matter.
13. The approval of the Form 24 by the Industrial Commission on 8 July 1992, was improvidently granted.
14. Plaintiff is capable of some work but has been unsuccessful, after a reasonable effort on his part, to obtain employment.
15. As a result of his 6 October 1990 injury by accident and resulting surgery, plaintiff has been unable to earn any wages in any employment from 7 October 1990 to the present and continuing.
16. On 6 October 1990, plaintiff's average weekly wage was $770.00 resulting in a compensation rate of $390.00.
* * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of his 6 October 1990 injury by accident, plaintiff was temporarily totally disabled from 7 October 1990 to the date of hearing and continuing and he is entitled to temporary total disability compensation at the rate of $390.00 per week for the aforementioned period and continuing for so long as so disabled, subject to a credit to defendants for temporary total disability compensation paid heretofore. G.S. § 97-29; Russell v. Lowes Products Distribution,108 N.C. App. 762, 462 S.E.2d 454 (1993).
2. Plaintiff is entitled to have defendants pay all medical expenses incurred, or to be incurred, as a result of his 6 October 1990 injury by accident, to the extent that the same tend to effect a cure, give relief, or lessen his disability. G.S. § 97-25; Hyler v. GTE Products Corp., 333 N.C. 258,455 S.E.2d 698 (1993).
3. The issue of permanent partial disability should be reserved for subsequent determination.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $390.00 per week from 7 October 1990 to the present and continuing for so long as so disabled, subject to a credit to defendants for any temporary total disability compensation paid heretofore. As much of said compensation as has accrued shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under the above Award is hereby approved for plaintiff's attorney, Ms. Judith Fraser. Said attorney fee shall paid out of the accrued benefits and out of the benefits that will hereafter accrue by defendants making direct payment to plaintiff's counsel of every fourth week of compensation payable under the terms of this Opinion and Award.
3. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's 6 October 1990 injury by accident, to the extent that the same are reasonably required to effect a cure, give relief, or lessen the period of disability, when bills for the same have been submitted through the carrier to the Industrial Commission and thereafter approved by the Commission.
4. Defendants shall pay all costs, including the previously authorized expert witness fees in the amount of $200.00 to Dr. Robert D. Francis, and $220.00 to Dr. Westly.
ORDER
It is ORDERED that:
1. The Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, approved by the Industrial Commission on 8 July 1992 is hereby RESCINDED and IT IS ORDERED that benefits be reinstated in accordance with the previously approved Form 21 and the Award in this Opinion and Award.
It is ALSO ORDERED that the issue of plaintiff's permanent partial disability shall be reserved for subsequent determination.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
BSB:be