The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
2. Twenty-five pages of Primus medical records marked as Exhibit 1 were received into evidence.
3. Seven pages of physical therapy notes marked as Exhibit 2 were received into evidence.
4. Twenty-one pages of medical records from Dr. Rice marked as Exhibit 3 were received into evidence.
5. Three pages of medical records from Dr. White marked as exhibit 4 were received into evidence.
6. One page of MRI results marked as exhibit 5 were received into evidence.
7. Four pages of medical records from Dr. Brenner marked as Exhibit 6 were received into evidence.
8. A videotape marked as Exhibit 7 was received into evidence.
9. Fifty-two pages of VA medical records marked as Exhibit 8 were received into evidence.
10. Seven pages of Industrial Commission forms and an accident statement were marked as Exhibit 9 and received into evidence.
11. Eighty-five pages of employment records marked as Exhibit 10 were received into evidence.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a thirty-nine year old female who had received a license to work as a cosmetologist from Robeson Technical Community College. Plaintiff's prior work history included working as an office clerk, cook, hairstylist, and mail processor. These jobs were performed after being discharged from the Army Reserve because of a twenty-percent disability to both of her legs and feet.
2. Plaintiff had been employed by the defendant-employer as a flour pack-out clerk. Plaintiff's job duties included screening the tortilla products as they were transported down an assembly line. Plaintiff would reach across the assembly line and remove bad tortilla products with her hands. Plaintiff's job duties also included bagging, sealing and boxing the tortilla products.
3. On 27 October 1993, plaintiff was screening products on the flour pack line when she twisted her back while reaching over to remove a bad product from the assembly line. Plaintiff experienced a pinch in her back when she reached to get the bad product off the conveyor belt. Plaintiff reported to the lead person on the line, Phyllis Brown, that she had injured her back. At the time that she made this report plaintiff was holding her back. Plaintiff had not complained about back pain prior to this occasion to Ms. Brown. Ms. Brown knew that plaintiff had first begun experiencing back pain while working on the flour pack line. Ms. Brown had the supervisory responsibility to replace the plaintiff and direct plaintiff to go receive treatment for her back injury from the company nurse.
4. On 27 October 1993 and pursuant to the directions of lead person Phyllis Brown, plaintiff went to the company nurse, Carol Paisley, to receive medical treatment. Ms. Paisley directed plaintiff to go to the cafeteria where an ice pack was applied to her back in order to reduce swelling in her back. Plaintiff returned to work after receiving this treatment.
5. On 1 November 1993, plaintiff went to the Primus Clinic in order to receive treatment for her lower back pain. Plaintiff reported to the Primus Clinic caretakers that she had sustained a work-related injury to her lower back. The medical records maintained by Primus Clinic reveal a lack of concern for specificity in the record taking process. On 3 December 1993, a Primus Clinic record notes that plaintiff reported a work-related injury but no details are recorded as to what she specifically reported to them. The failure of the notetaker on 3 December 1993 to record any details as to how the plaintiff was injured causes the undersigned to give little weight to the fact that the November 1993 medical records do not contain any mention of plaintiff reporting that her back injury was work-related.
6. From 9 December 1993 to 9 March 1994, plaintiff received physical therapy for her lower back pain. Plaintiff received about eighty-percent relief from her pain as a result of this physical therapy by 9 March 1994.
7. Pursuant to a referral from the Primus Clinic, plaintiff began a course of treatment under the supervision of, Dr. Rice, an orthopedist, on 30 March 1994. An MRI of the plaintiff on 13 April 1994 revealed that plaintiff had pre-existing degenerative disc disease with the greatest degeneration at the L4-5 region.
8. As of 7 September 1995, plaintiff had reached maximum medical improvement with regard to the back injury treated by the Primus Clinic and Dr. Rice. Dr. Rice released plaintiff to return to work with the following restrictions: frequent changing of positions, limited bending and stooping, and no lifting greater than fifty pounds.
9. On 31 October 1994, defendant-employer terminated plaintiff for excessive absenteeism. Plaintiff's failure to work on 24 August 1994 and 29 August 1994 served as part of the basis for the defendant-employer's decision to terminate plaintiff. Plaintiff was unable to earn any wages on these two days as a result of the 27 October 1993 work-related incident involving reaching across the conveyor belt to remove a bad product.
10. As a result of the 27 October 1993 work-related incident, plaintiff sustained an aggravation of her pre-existing degenerative disc disease.
11. As a result of the 27 October 1993 work-related incident, plaintiff was unable to earn any wages for the following time periods: 1 November 1993, 3 December 1993 through 7 December 1993, 9 December 1993 through 13 January 1994, 18 January 1994 through 2 May 1994, 26 May 1994, 3 June 1994, 8 July 1994, 15 August 1994, 16 August 1994, and 23 August 1994.
12. As a result of the 27 October 1993 work-related incident involving reaching across the conveyor belt to remove a bad product, plaintiff has sustained a three-percent permanent partial disability to her back.
13. Between 31 October 1994 and the time of the initial hearing on 25 June 1996, plaintiff had filed five job applications at Black and Decker, Circuit City and two beauty salons. Plaintiff interviewed with only one company. There is insufficient evidence of record to support a finding that plaintiff has conducted a reasonable but unsuccessful job search.
14. There is insufficient evidence to make a finding that plaintiff continues to be unable to earn any wages as a result of any medical condition arising from the 27 October 1993 work-related incident.
15. It would not be futile for plaintiff to aggressively look for employment given her work experience and the fact that she is only thirty-nine years old.
16. Defendant's defense of this claim was not based in stubborn unfounded litigiousness. Dr. Brenner's testimony, if believed by the undersigned, would support a denial of this claim.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 27 October 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer in that she sustained an aggravation to a pre-existing back condition as the result of a specific traumatic incident in the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to receive temporary total disability compensation at a rate of $177.34 per week for the following time periods: 1 November 1993, 3 December 1993 through 7 December 1993, 9 December 1993 through 13 January 1994, 18 January 1994 through 2 May 1994, 26 May 1994, 3 June 1994, 8 July 1994, 15 August 1994, 16 August 1994, and 23 August 1994. N.C. Gen. Stat. § 97-29.
3. Plaintiff is capable of returning to work with restrictions. Plaintiff did not make a reasonable effort to obtain gainful employment upon her termination from employment with defendant-employer. Plaintiff has failed to prove that she was unable to earn wages after 28 October 1994. Russell v. LowesProduct Distribution, 108 N.C. App. 762 (1993).
4. Plaintiff is only entitled to elect to receive permanent partial disability compensation at a rate of $177.34 per week for nine weeks for the three percent permanent partial disability of her back injury. N.C. Gen. Stat. § 97-31.
5. Plaintiff is entitled to have defendant pay for all medical expenses reasonably calculated to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
6. The defendant's denial of this claim was based upon reasonable grounds. N.C. Gen. Stat. § 97-88.1.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation at a rate of $177.34 per week for the following time periods: 1 November 1993, 3 December 1993 through 7 December 1993, 9 December 1993 through 13 January 1994, 18 January 1994 through 2 May 1994, 26 May 1994, 3 June 1994, 8 July 1994, 15 August 1994, 16 August 1994, and 23 August 1994. This amount has accrued and shall be paid in a lump sum directly to the plaintiff subject to the attorney's fees approved below.
2. Defendant shall pay to plaintiff permanent partial disability compensation at a rate of $177.34 per week for nine weeks for her back injury. This amount has accrued and shall be paid in a lump sum directly to the plaintiff subject to the attorney's fees approved below.
3. Defendant shall pay all medical expenses incurred for the treatment of the injury to plaintiff's lower back caused by the 27 October 1993 injury by accident.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to plaintiff's counsel.
5. Defendant shall pay expert witness fees in the amount of $95.00 to Dr. Smith and $235.00 to Dr. Brenner.
This the 30th of May 1997.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER
DCS:jmf