The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 25 March 1995, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Transportation Insurance Company was the workers' compensation insurance carrier on the risk.
4. Plaintiff's average weekly wage was sufficient to yield the maximum applicable compensation rate for 1994.
5. Plaintiff's answers to defendants' interrogatories, marked as Stipulated Exhibit Number Two, are admitted into evidence.
6. Plaintiff's recorded statement, marked as Stipulated Exhibit Number Three, is admitted into evidence.
7. A set of plaintiff's medical records consisting of records from eight medical care providers, marked as Stipulated Exhibit Number Four, is admitted into evidence.
8. Ten pages of plaintiff's medical records from Dr. Grubb, received from plaintiff's counsel on 22 August 1997, are admitted into evidence.
 *********** EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Grubb are OVERRULED.
 ***********
Based upon the Findings of Fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on 14 October 1952. He received a Bachelor of Arts degree in 1975. His work history consisted almost entirely of work as a carpenter and as a construction coordinator for film and television productions. Plaintiff's work in film and television began in 1984. In the film and television production industry, plaintiff worked as a construction coordinator. As a production coordinator, plaintiff's work was sporadic or periodic in nature, with particular jobs having a duration only as long as was necessary to complete the film or television series being produced. Following the completion of a particular production, plaintiff would typically work as a carpenter while seeking or awaiting another construction coordinator position.
2. Plaintiff was employed by defendant-employer as a construction coordinator. This position was supervisory in nature, but at times his work necessitated that he perform physical labor in addition to his supervisory duties. In general, plaintiff's work required him to coordinate with production designers who drew production sets. He supervised construction of sets, budgeted construction, organized painters and carpenters, and supervised set breakdown.
3. In March 1994, plaintiff was employed by defendant-employer as construction coordinator of the production of Heavy Weights. On 25 March 1994, plaintiff's construction crew was occupied with tasks that were necessary to allow filming to begin the following day. Plaintiff went to a Duke Power yard in Hendersonville, North Carolina, to obtain a section of telephone pole that was needed for set construction. The telephone pole was twelve (12) feet long and weighed in excess of one hundred fifty pounds. Plaintiff, who is a physically large person, lifted the pole to place it into his truck. As he was lifting the telephone pole, he felt a strain in the center portion of his lower back. The following day the plaintiff awoke experiencing back pain. Plaintiff went to work and reported to his supervisor, Mr. Ison, that he had injured his back while lifting the telephone pole.
4. When plaintiff reported his back pain to defendants, an appointment was scheduled for him to be evaluated by Dr. Lange in Hendersonville, North Carolina. Plaintiff first presented to Dr. Lange on 7 April 1994. On that date, plaintiff reported having experienced low back and left hamstring pain after lifting a section of telephone pole and loading it onto a truck. Dr. Lange diagnosed plaintiff as having a low grade, chronic lumbosacral strain and advised plaintiff to minimize his lifting activities.
5. On 25 April 1994, plaintiff presented to his family physician, Dr. Neil Thompson. On that date, plaintiff had low back pain that extended into his left leg. Plaintiff related to Dr. Thompson the incident involving the telephone pole. On examination, plaintiff had positive results on a straight leg test, but he had no muscle weakness and his reflexes were normal. Dr. Thompson was concerned that plaintiff may have had a disc herniation. When plaintiff's symptoms did not improve after a course of physical therapy, Dr. Thompson referred plaintiff to Dr. Miller, an orthopedic surgeon.
6. On 26 August 1994, the plaintiff presented to Dr. Miller and reported the incident on 25 March 1994. At that time, plaintiff had some palpable spasm in the left paraspinous muscle. Straight leg raising was positive. Dr. Miller recommended a MRI for further evaluation.
7. On 21 May 1996, plaintiff presented to Dr. Grubb upon referral by Dr. Thompson. Dr. Grubb diagnosed plaintiff as having degenerative lumbar disc disease and referred him to physical therapy for a mechanical assessment and treatment. Plaintiff continued seeking follow-up treatment, including physical therapy, from Dr. Grubb through 28 February 1997. At that time, plaintiff continued having significant symptoms, including back pain and leg numbness.
8. Plaintiff's back and leg pain were caused by the incident of 25 March 1994, which exacerbated plaintiff's pre-existing degenerative disc disease. As a result of the exacerbation of his degenerative disc disease, plaintiff was rendered incapable of earning wages as a carpenter. However, plaintiff continued working as a construction coordinator through 8 January 1995. After that date, plaintiff was unable to locate and obtain such employment until 11 February 1995. Plaintiff was also unable to obtain employment as a construction coordinator from 7 August 1995 through 30 September 1995. Except for twenty-seven days during the period from 1 April 1996 through 18 July 1996, plaintiff was unable to obtain employment as a construction coordinator. At all times that plaintiff was unable to obtain employment as a construction coordinator, he was physically capable of performing a construction coordinator's job duties.
9. As of the date of the hearing before the Deputy Commissioner, plaintiff regularly worked as a construction coordinator. The majority of his work as a construction coordinator was performed for defendant-employer.
10. During the periods that plaintiff was unemployed but capable of working as a construction coordinator he did not seek employment as a carpenter because he was physically incapable of that work. However, there is no evidence that he sought any other type of employment or that because of his physical condition, age, education, or employment experience such efforts would have been futile.
11. Plaintiff has not reached maximum medical improvement.
12. The treatment, evaluations and examinations plaintiff received from Dr. Grubb tended to effect a cure or give relief.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 25 March 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff was not rendered disabled as a result of his injury on 25 March 1995. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 25 March 1994, including the expenses incurred as a result of his treatment by Dr. Grubb, for so long as such examinations, evaluations and treatments tend to effect a cure or give relief. N.C. Gen. Stat. § 97-25.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury on 25 March 1994, including the expenses incurred as a result of his treatment by Dr. Grubb, for so long as such examinations, evaluations and treatments tend to effect a cure or give relief.
2. Defendants shall pay the costs, including $235.00 to Dr. Grubb as an expert witness fee.
This ___ day of June 1998.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER