***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between the parties on the day of the injury on a full time, permanent basis.
3. Plaintiff's average weekly wage as determined by a Form 22 Wage Chart was $325.05, yielding a compensation rate of $216.71.
4. Plaintiff's alleged injury occurred on or about September 15, 2003.
5. Plaintiff is not currently employed by defendant-employer.
6. The issues for determination are:
a. Whether plaintiff was injured on or about September 15, 2003 during the course and scope of her employment?
b. If so, to what benefits is plaintiff entitled?
7. The parties stipulated the following documentary evidence:
a. Stipulated Exhibit #1: medical records.
b. Stipulated Exhibit #2: Form 22 Wage Chart.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 59 years old. She began employment with defendant-employer on August 28, 2003 as a daycare worker in the infant room. Her duties included taking care of the infants and general classroom maintenance.
2. Plaintiff states that at the end of the workday on Monday, September 15, 2003, she slipped and fell on a newly waxed floor. She landed on her left side and injured her left hip and knee. Defendants presented evidence that the floors were waxed by an independent contractor who did not perform the work until the following weekend. The fact that plaintiff may have fallen on the next Monday, September 24, 2003, does not render her testimony regarding the incident not credible.
3. Following the fall, plaintiff took a child to the toddler room and then went to inform Janine Gardner, the assistant director, about the fall. Plaintiff stated that she was not hurt in the fall and no accident report was prepared.
4. Plaintiff continued to work. There was some swelling in her left knee, but plaintiff was able to perform her work duties. The swelling increased and by September 27, 2003, plaintiff was having difficulty wearing shoes as a result. Plaintiff did not return to work after October 1, 2003, due to the pain she was having in her left knee.
5. Plaintiff left messages regarding her injury for Patricia Cosgrove, the director of the center, but her calls were not returned. Plaintiff contacted the regional director who sent plaintiff to PrimeCare Medical Center on October 22, 2003. Plaintiff was placed on light duty with restrictions of no pushing, pulling, climbing, lifting, bending, stooping, squatting or kneeling.
6. Plaintiff returned to PrimeCare on October 28, 2003 when her knee locked. PrimeCare continued the restrictions placed on plaintiff on October 22, 2003 and referred plaintiff to orthopedist Dr. Frank Rowan.
7. Plaintiff presented to Dr. Rowan on November 4, 2003. Dr. Rowan diagnosed plaintiff with a locked knee resulting from injury and recommended surgery. Dr. Rowan noted that plaintiff had undergone a knee scope many years previously, but had no recent problems with the knee. He believed that the fall as described by plaintiff could cause the injuries suffered by plaintiff and that even if there was pre-existing damage to the knee, the falling incident was an exacerbation of any pre-existing condition.
8. The surgery was performed on December 8, 2003 and revealed that plaintiff had suffered a lateral and medial meniscal tear in her left knee. On December 30, 2003, Dr. Rowan released plaintiff to look for work "as tolerated."
9. Following additional physical therapy, plaintiff was released by Dr. Rowan on March 4, 2004 to return to work with lifting restrictions of 50 pounds occasionally and 30 pounds frequently. Dr. Rowan found plaintiff to be at maximum medical improvement and gave her a 10% permanent partial disability rating to her left knee.
10. Plaintiff has not worked since leaving defendants on October 1, 2003. It is not clear whether plaintiff was fired from her employment or whether defendants have work within plaintiff's restrictions. Plaintiff has attempted to find employment in daycare administration, but has been unsuccessful in her job search.
11. As of October 1, 2003, plaintiff had only worked for defendants for a total of 24 days. Accordingly, her average weekly wage may not be calculated in the normal manner. Plaintiff's average weekly wage at the time of her injury was determined by the Deputy Commissioner to be $325.05, which yields a compensation rate of $216.71. Neither party appealed this determination and therefore the Commission finds that the amount is fair and just to all parties.
12. Plaintiff injured her left knee in a fall, which arose out of and in the course of her employment when she slipped and fell on a newly waxed floor on or about September 24, 2003.
13. As a result of her injury, plaintiff has been disabled from employment since October 24, 2003. In the limited time between her release to return to work and the Deputy Commissioner's hearing, plaintiff made reasonable efforts to find employment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on or about September 24, 2003. N.C. Gen. Stat. § 97-2(6).
2. In order to meet the burden of proving disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. ApexCabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than his pre-injury wages. Demery v.Perdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russellv. Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993) (citations omitted). When a plaintiff meets her burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Demery v. Perdue Farms., Inc., supra.
4. In the instant case, plaintiff was disabled from employment beginning October 2, 2003 as a result of the compensable injury. Although plaintiff is capable of some work and has sought employment following her release to return to work on March 4, 2004, she has been unsuccessful in her efforts to obtain employment.
5. Plaintiff is therefore entitled to total disability compensation at the rate of $216.71 per week for the period from October 2, 2003 through the present and continuing until plaintiff obtains employment at the same or greater wages or until further Order of the Commission. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to have defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay total disability compensation to plaintiff at the rate of $216.71 per week for the period beginning on October 2, 2003 and continuing until plaintiff obtains employment at the same or greater wages or until further Order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above is hereby approved to be deducted from sums due plaintiff. Defendants shall pay one fourth of the lump sum award directly to plaintiff's counsel and thereafter shall pay every fourth check directly to plaintiff's counsel.
4. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
5. Defendants shall pay the costs.
This the 10th day of March 2005.
 S/______________________ LAURA KRAINFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/crb