I must respectfully dissent from the majority decision and would conclude that plaintiff has failed to prove that she developed an occupational disease in that plaintiff's ergonomist based her opinions on incorrect assumptions and faulty analyses and plaintiff's doctor based his opinion on the analyses of plaintiff's ergonomist. The expert failed to take into account the variation of plaintiff's work, the duration in time required by specific duties and the sequencing of job tasks. Further, while there is evidence a portion of plaintiff's duties could have been harmful, there is insufficient evidence to indicate how long these jobs were performed or in what sequence they were performed. Further, plaintiff's evidence on the amount of pressure or force required of plaintiff to manipulate the store's ice cream scoop appears to be without merit. Plaintiff's expert performed a test by using her own ice cream scoop at home rather than the actual scoop from plaintiff's employment. In addition, plaintiff has also failed to prove her disability as required by Russell v. Lowes Prod. Distrib.,
180 NC App. 762, 425 S.E.2d 454 (1993). It was also noted that plaintiff's vocational specialist used an unreasonably restricted geographic area in his labor market survey.
Thus, taking all these factors into consideration, I must respectfully dissent from the majority opinion and would reverse the Deputy Commissioner's opinion.
 S/_______________ DIANNE C. SELLERS COMMISSIONER