Because I believe that plaintiff is entitled to ongoing temporary total disability compensation following his release by Dr. Zuhosky with permanent lifting restrictions in October 2004, I respectfully dissent from the majority's Opinion and Award.
As the majority notes, a plaintiff has the initial burden of showing that he is disabled. Once that burden is met, the burden shifts to the defendant to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. See Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982); Russell v. Lowes ProductDistribution, Inc., 108 N.C. App. 762, 425 S.E.2d 454 (1993);Demery v. Purdue Farms, Inc., 143 N.C. App. 259, 545 S.E.2d 485
(2001).
In the present case, as the majority has found, plaintiff has met his initial burden of showing that he is disabled. At the very least, plaintiff has produced "evidence that he has obtained other employment at a wage less than that earned prior to the injury," Russell at 765, 425 S.E.2d at 457, during the period from October 15, 2003, through June 27, 2004. Accordingly, the burden has shifted to defendant to show that, as of October 21, 2004, plaintiff is no longer disabled. Because defendant has produced no evidence of suitable jobs available for plaintiff after October 21, 2004, defendant has failed to meet its burden, and plaintiff is entitled to continuing temporary total disability compensation.
Furthermore, even if plaintiff had somehow lost his presumption of disability under Russell and Demery upon his release by Dr. Zuhosky in October 2004 (a position for which I see no legal basis), I believe plaintiff would have again met his burden for showing disability under Russell through "the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment."Russell at 765, 425 S.E.2d at 457. Although it would theoretically be possible for plaintiff to find work after October 21, 2004, within his permanent lifting restrictions, the evidence presented by plaintiff makes clear that plaintiff was no longer able to work as a truck driver, the only job plaintiff had known for the previous twenty-seven or twenty-eight years. Plaintiff testified before the Deputy Commissioner that he did not believe he could work as a truck driver within the restrictions set by Dr. Zuhosky. And as Dr. Zuhosky made clear in his deposition, he had discussed the issue of plaintiff's ability to work as a truck driver thoroughly with plaintiff before his release in October 2004:
 Q. Doctor, did you have any discussions with him in October of 2004 about his ability to continue working as a truck driver in the trucking industry?
 A. I do have a limited independent recollection I remarked upon in the notes about discussing a type of job where there was no bending or lifting, where it's just drop off and pick up and simply drive, but he felt that he'd still have significant pain with even the sitting and driving part, that he couldn't pull over frequently enough or often enough to make the symptoms he has when driving tolerable.
 Q. Well, did you discuss with him that effect of driving had on his pain level and his ability to work?
 A. My recollection is he said that it clearly made his symptoms worse.
 Q. Do you have a recollection as to whether or not those symptoms were greater or lesser than they had been when you had last seen him in 2003?
 A His comment all along was that his symptoms were getting worse and his flare-ups were less manageable. That was a consistent theme in terms of all of our follow-ups, is that I want to go back to work, but the things that I was doing to manage my symptoms before aren't working.
Because plaintiff has demonstrated that, after October 21, 2004, he was no longer able to work as a truck driver, and because plaintiff has performed no work other than as a truck driver for the past twenty-seven or twenty-eight years, I believe plaintiff has met the test set forth in Russell of showing that searching for work after October 2004 would be futile in the absence of vocational rehabilitation and retraining.
For these reasons, I would affirm the decision of the Deputy Commissioner to grant plaintiff temporary total disability compensation from October 21, 2004, and continuing. Accordingly, I respectfully dissent.
This 27th day of July, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER