The undersigned respectfully dissents in part from the Opinion and Award of the majority awarding plaintiff temporary total disability compensation. The greater weight of the evidence shows plaintiff was not totally disabled as a result of a compensable injury or occupational disease.
The burden is on the employee to show that he is unable to earn the same wages he earned before injury, either in the same employment or in other employment. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982). However, it is not enough to prove only that plaintiff is disabled; the plaintiff must also prove that his disability is "a consequence of the work-related injury," Russell v. Lowes Prod.Distribution, 108 N.C. App 762, 425 S.E. 2d 454 (1993). In this case, plaintiff has failed to show that his disability is the result of a compensable work related injury or occupational disease.
The majority has awarded temporary total disability beginning May 11, 1998. However, the evidence shows that plaintiff became disabled and incapable of earning wages no later than March 1995 as a result of chronic obstructive pulmonary disease caused by smoking, which is not compensable. There is insufficient evidence to support a finding that plaintiff's medical problems in 1995 were the result of a compensable injury or occupational disease. Plaintiff was not diagnosed with asbestosis until January 1997 and was not diagnosed with lung cancer until May 1998. Both lung conditions were diagnosed well after plaintiff became disabled in 1995. There is no evidence that either lung condition existed in 1995 or that plaintiff's disability in 1995 was related to lung cancer or asbestosis.
For these reasons, plaintiff has failed to demonstrate that he is temporarily totally disabled. Therefore, I respectfully dissent.
This the __ day of ________, _______.
 S/__________________ BUCK LATTIMORE CHAIRMAN *Page 1