***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Rowell with modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the North Carolina Industrial Commission has jurisdiction over this matter. *Page 2 
2. All parties have been correctly designated and there is no question as to misjoinder of parties.
3. This case is subject to the North Carolina Worker's Compensation Act.
4. An employment relationship existed between plaintiff and defendant, and American Home Assurance Company was the carrier on the risk on or about June 1, 2005.
5. Subject to the parties right to take the depositions of plaintiff's treating doctors, and medical records custodians, the parties agree to stipulate a set of plaintiff's medical records into evidence.
6. Copies of all discovery between the parties and responses thereto, excluding attachments, may be introduced into evidence without further proof of authenticity and are hereby stipulated into evidence.
7. Copies of the parties' submissions to the Industrial Commission pertaining to this matter may be introduced into evidence without further proof of authenticity and are hereby stipulated into evidence.
8. Copies of any and all documents contained in plaintiff's personnel/employment file may be introduced into evidence without further proof of authenticity and are hereby stipulated into evidence.
9. Plaintiff's average weekly wage is $499.06.
10. The parties stipulated into evidence a pre-trial agreement as Stipulated Exhibit #1.
11. The parties stipulated into evidence Stipulated Exhibit # 2 including I.C. Forms, medical records, and discovery.
12. The parties stipulated into evidence as Stipulated Exhibit # 3, personnel records, as modified and initialed by the parties. *Page 3 
13. The parties stipulated into evidence as Stipulated Exhibit # 4, documentation stipulated by the parties, by letter dated April 30, 2007, as records from Anson County Department of Social Services.
 *********** ISSUES
Plaintiff contends that the contested issues to be tried by the Industrial Commission are as follows:
1. Whether plaintiff sustained a compensable injury by accident or experienced a specific traumatic incident to his airway on or about June 1, 2005, while in the course and scope of employment with Mega Force Staffing Group, and if so, to what extent was he disabled as a result of said incident and does the disability continue?
2. What benefits is plaintiff entitled to should the above claim be found compensable?
3. Was the treatment plaintiff has received and continues to receive necessary to effect a cure or give relief for the above injuries and are defendants responsible for paying for said treatment and all such ongoing treatment for plaintiff?
Defendants contend that the contested issues to be tried by the Industrial Commission are as follows:
1. Whether plaintiff's claim is credible?
2. If so, whether plaintiff's claim is barred because of his failure to provide notice of his alleged injury, pursuant to N.C. Gen. Stat. § 97-22.
3. If plaintiff's claim is credible and is not barred in its entirety, the extent to which plaintiff's is entitled to recover medical compensation as a result of his alleged injury, if at all? *Page 4 
4. If plaintiff's claim is credible and is not barred in its entirety, the extent to which plaintiff is entitled to recover compensation for disability as a result of his alleged injury, if at all?
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF THE FACTS
1. Plaintiff began working for defendant in late February or early March of 2005. Defendant is a temporary employment agency. Plaintiff worked out of the Rockingham, North Carolina office which was managed by plaintiff's boss, Teresa Floyd.
2. Plaintiff began an assignment with Triangle Brick in Wadesboro, North Carolina on or about March of 2005. Triangle Brick is in the business of making brick for customers and delivering their products to construction sites or to its customers' places of business. Plaintiff was initially assigned to drive a "haul truck" which moved rock into the facility in order to begin the brick making process. Plaintiff was later assigned to run the crusher.
3. While running the crusher, plaintiff had to make sure the crusher was clean. Plaintiff was also responsible to make sure the "haul trucks" dumped their loads into the hopper at the right time. Plaintiff had to ensure that big rocks were not stuck in the crusher or allowed to pass through the crusher to the grinding room. If a big rock came out of the crusher, plaintiff had to stop the "haul trucks", stop the crusher, and stop the conveyors leading from the crusher to the grinding room. Plaintiff was then required to turn on an air compressor, hook up a jackhammer, and use the jackhammer to manually crush the big rock until they fell through a sizing screen *Page 5 
onto the conveyor. Once he had cleared the crusher, plaintiff would turn the air compressor off, put the jackhammer up, and restart the crusher system.
4. The crusher has a platform on which plaintiff could stand to crush any big rocks that come out onto the conveyor. The platform has two bars that act as railing. The actual rails are made of approximately one and one-half inch square metal tubing. These two rails form a railing system that separates the platform from the conveyor and run parallel to the floor at a height around the knees and just above waist level.
5. On June 1, 2005, plaintiff was operating the crusher while on assignment through defendant with Triangle Brick in Wadesboro, North Carolina. A big rock became lodged in the crusher. Plaintiff stopped the crusher system and hooked up the jackhammer in order to crush the rock manually. Plaintiff went between the bars in order to crush the big rock.
6. Plaintiff placed the bit of the jackhammer against the big rock. Plaintiff started the jackhammer in order to crush the rock that was lodged in the crusher. The jackhammer's bit suddenly slipped off the rock. The weight of the jackhammer jerked plaintiff forward and he fell forward. As plaintiff fell forward, he struck his throat on one of the metal bars or railing.
7. Plaintiff reported to Mr. Cox, his on-site supervisor, on June 2, 2005 that he had hit his throat on a metal bar the previous day on June 1, 2005.
8. In August of 2005, plaintiff began to experience problems breathing and with his airway. Plaintiff initially treated with First Health-Richmond Memorial Hospital in Rockingham, North Carolina and Anson Community Hospital in Wadesboro, North Carolina for what was diagnosed as asthma and bronchitis.
9. On November 3, 2005, plaintiff was taken to Carolinas Medical Center and was diagnosed with stenosis in the airway. Plaintiff presented to Dr. John Blumer with Charlotte *Page 6 
Eye, Ear, Nose, Airway Associates, P.A. on November 7, 2005 where he was diagnosed with subglottic stenosis. Plaintiff developed a mass in his throat following his June 1, 2005 incident at work.
10. The Full Commission finds plaintiff's testimony to be credible that he notified his supervisor on June 2, 2005 that he hit his throat on the metal bar on June 1, 2005. However, plaintiff was not aware of an injury to his throat or neck at the time. As such, plaintiff's supervisor, Mr. Cox, testified that an accident report would not have been completed absent an injury. Plaintiff started having problems with his airway in August 2005; however it was not until November 2005 that the full nature and extent of plaintiff's condition was diagnosed. Dr. Blumer testified that plaintiff's condition is often initially misdiagnosed as asthma or bronchitis. Plaintiff and plaintiff's fiancée both reported plaintiff's injury and condition to defendants in November of 2005. The Full Commission finds that defendants have not been prejudiced by plaintiff's failure to notify defendants of his injuries until November 2005 when the nature and severity of plaintiff's injuries were diagnosed and plaintiff first learned of them.
11. Plaintiff has undergone surgery to remove the mass in his throat on the following dates: November 16, 2005; December 14, 2005; March 8, 2006; April 5, 2006; May 24, 2006; June 21, 2006; September 14, 2006; October 25, 2006; and November 22, 2006. Dr. Blumer has performed all of plaintiff's surgeries. Plaintiff is still treating with Dr. Blumer for his ongoing airway injury.
12. Plaintiff was written out of work by Dr. Blumer beginning November 7, 2005. Plaintiff has been out of work continuously since December 13, 2005. *Page 7 
13. In Dr. Blumer's opinion plaintiff's initial trauma to his throat on June 1, 2005, was at a minimum, more likely than not the cause of plaintiff's initial diagnosis and the ongoing cause of his condition.
 ***********
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. As defendants have not been prejudiced and plaintiff has provided reasonable excuse to the satisfaction of the Industrial Commission for failing to provide written notice to defendants within 30 days of plaintiff's June 1, 2005 accident, plaintiff's claim is not barred under N.C. Gen. Stat. § 97-22
2. Plaintiff sustained a compensable injury by accident arising out of the course and scope of his employment on June 1, 2005. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff has been disabled since November 7, 2005. Russell v.Lowes Prod. Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Plaintiff is entitled to receive ongoing disability compensation at a rate of $332.72 for all time missed from work since November 7, 2005 and continuously since December 13, 2005. N.C. Gen. Stat. § 97-29.
4. Plaintiff has received reasonable medical treatment since his injury and is entitled to receive ongoing medical compensation for treatment related to his compensable airway injury. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 8 
 AWARD
1. Defendants shall pay plaintiff all accrued disability compensation for time missed from work since November 7, 2005. Defendants shall deduct 25% of this amount due above and pay said 25% directly to plaintiff's counsel as a fee for services rendered in this claim.
2. Defendants shall pay to plaintiff ongoing disability benefits pursuant to N.C. Gen. Stat. § 97-29 until such time as plaintiff is no longer disabled as determined by the Commission. Defendants shall deduct 25% of plaintiff's ongoing disability benefits and pay said 25% directly to plaintiff's counsel as a fee.
3. Defendants shall reimburse the North Carolina Department of Health and Human Services, Division of Medical Assistance, for all expenses incurred by said department for treatment received by plaintiff in relation to his compensable airway injury. Defendants shall immediately pay any outstanding related medical bills to all providers who have provided treatment to plaintiff related to plaintiff's compensable airway injury.
4. Defendants shall authorize and pay for plaintiff to continue to treat with Dr. John Blumer at Charlotte Eye, Ear, Nose, and Throat until further order of the Commission.
5. Defendants shall immediately retain the services of a medical case manager to coordinate plaintiff's medical treatment throughout the remainder of this claim.
6. Defendants shall pay all costs.
This the 2nd day of June 2008.
S/___________________ BUCK LATTIMORE COMMISSIONER *Page 9 
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1