* * * * * * * * * * *
Upon review of the competent evidence of record, with reference to the errors to be addressed on remand from the North Carolina Court of Appeals, and finding that good grounds exist to receive additional evidence, the Full Commission reopens the record to receive additional evidence.
 * * * * * * * * * * *
Plaintiff suffered an admittedly compensable injury to her right wrist when she was involved in a car accident on December 12, 2000 while driving as part of her job as a social worker with defendant Well Care Nursing Services. As a result of the accident plaintiff sustained a partial TFC tear with no evidence of major ligamentous injury, for which she subsequently underwent arthroscopic surgery on her right wrist on May 3, 2001. Defendants filed a Form 60 admitting compensability of plaintiff's injury to her right wrist. Defendants paid plaintiff temporary total disability while she was unable to work. Plaintiff received treatment for *Page 2 
the injury to her right wrist until December 14, 2001, when she was found to have reached maximum medical improvement with a ten percent permanent partial impairment rating on the right wrist. Her physician stated that her wrist injury did not impair her ability to perform her job as a social worker.
On July 23, 2001, plaintiff was leaving her house when she slipped on her back steps and fell, fracturing her left ankle. Plaintiff was unable to break her fall because of the injury to her right wrist. Her left ankle fracture required two surgical procedures. The Full Commission awarded plaintiff temporary total disability compensation for both the right wrist and the left ankle. Specifically, the Commission found that but for the plaintiff's lack of use of her right hand due to her compensable injury by accident, she would have not fallen in the manner in which she fell and that the slip and fall was work related because it was a direct and natural consequence of the compensable right wrist injury. The Full Commission also found that as a result of plaintiff's slip and fall at home she was unable to work due to her fractured left ankle and that she had been temporarily and totally disabled since 23 July 2001.
The Full Commission concluded that although plaintiff was entitled to permanent partial disability compensation for the ten percent disability to her right wrist, her greater remedy was to receive continuing compensation for temporary total disability for the left ankle pursuant to N.C. Gen. Stat. § 97-29 until further order of the Commission.
The Court of Appeals affirmed the Commission's findings and conclusions with regard to the issue of causation for the left ankle injury; but further held that the Commission's conclusion of law that plaintiff has been temporarily and totally disabled was not supported by its findings of fact and was therefore error. The Court determined that the Commission had made the requisite findings that plaintiff was unable to work at her old job or at another job as a result of *Page 3 
the ankle injury; however, this finding was based only on the plaintiff's testimony and not on any medical evidence. Therefore plaintiff did not meet the burden established in Russell of showing "medical evidence that [s]he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment."Russell v. Lowes Product Distribution, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). The Court of Appeals reversed the Full Commission's award of ongoing temporary total disability compensation and this case was remanded to the Full Commission for the entry of an award for compensation pursuant to N.C. Gen. Stat. § 97-30.
When the matter came on before the Full Commission for oral arguments on remand, plaintiff argued that because defendants denied liability for plaintiff's left ankle injury and therefore provided no medical treatment, additional medical evaluation and treatment for plaintiff's left ankle is needed to determine the extent of plaintiff's disability. Plaintiff argued that the only medical evidence regarding plaintiff's ability to work dealt with the wrist. Plaintiff requested that the Full Commission refer this matter to the Industrial Commission Nurse's Section for assistance in determining plaintiff's disability status and medical needs.
The Full concludes that additional medical evidence is needed to determine plaintiff's entitlement to compensation under N.C. Gen. Stat. § 97-30.
IT IS THEREFORE ORDERED that this matter is reopened for an additional medical evaluation of plaintiff's left ankle to determine the extent of her disability and her treatment needs, if any. The parties shall confer to try to agree upon a medical provider to perform the evaluation. If the parties cannot agree in 15 days, plaintiff shall notify the Commission and an Industrial Commission nurse will select a physician.
 No costs are assessed at this time. *Page 4 
This the ___ day of November 2008.
S/_______________________
BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1