***********
For good cause shown, it is hereby ORDERED that the Defendants' Motion for Reconsideration shall be granted. The March 14, 2011 Opinion and Award for the Full Commission in this matter is amended as follows:
Finding of Fact Number 46 is STRICKEN and the following Finding of Fact is substituted in its place and stead:
 "46. The Full Commission further finds that Plaintiff proved that she was temporarily and totally disabled from May 9, 2008 through the present and continuing. On May 9, 2008, Dr. Krakauer took Plaintiff out of work and kept her out of work until he transferred her care to Dr. Tuttle due to his relocation out of state. Once Dr. Tuttle assumed care of Plaintiff's left upper extremity complaints, he continued to keep her out of work until September 23, 2008, when he released her to return to work four hours per day, five days per week with the following permanent work restrictions: no lifting over five pounds, no grasping, climbing, pushing, pulling, fine manipulation, repetitive motions, keying, or vibrations. Defendant-Employer could not accommodate Plaintiff's permanent work restrictions, and Plaintiff made reasonable attempts to find suitable employment within her work restrictions, but was unsuccessful. Given the stringent nature *Page 2 
of Plaintiff's permanent work restrictions and her current physical limitations with respect to her upper extremity problems, Plaintiff's employment opportunities are substantially diminished and she would benefit from vocational rehabilitation assistance from Defendants."
Conclusion of Law Number 8 is STRICKEN and the following Conclusion of Law is substituted in its place and stead:
 "8. Plaintiff proved that she was temporarily and totally disabled from May 9, 2008 through the present and continuing. Dr. Krakauer and Dr. Tuttle kept Plaintiff out of work from May 9, 2008 through September 23, 2008, when Dr. Tuttle released her to return to work four hours per day, five days per week with permanent work restrictions. Defendant-Employer could not accommodate Plaintiff's permanent work restrictions, and Plaintiff made reasonable attempts to find suitable employment within her work restrictions, but was unsuccessful. Given the stringent nature of Plaintiff's permanent work restrictions and her current physical limitations with respect to her upper extremity problems, Plaintiff's employment opportunities are substantially diminished and she would benefit from vocational rehabilitation assistance provided by Defendants. Therefore, Plaintiff is entitled to temporary total disability compensation in the amount of $698.72 per week from May 9, 2008 through the present and continuing. N.C. Gen. Stat. § 97-29 (2010); Russell v. Lowes Prod. Distrib., 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993)."
Except as amended above, the March 14, 2011 Opinion and Award of the Full Commission in the above-captioned case shall remain in full force and effect.
This the ___ day of April 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 3 
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1