* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Travelers is the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $391.13, yielding a compensation rate of $260.75.
 * * * * * * * * * * *
The following documents were admitted into the record by the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit 1: Pre-Trial Agreement.
2. Stipulated Exhibit 2: Set of medical records submitted post-hearing.
3. Defendants' Exhibit 1: Medical record dated 4/10/00 from Dr. Bruce Wallace.
4. Defendants' Exhibit 2: Medical record dated 8/18/00 from Riverbend Chiropractic.
5. Defendants' Exhibit 3: Medical note dated August from CaroMont Family Medicine.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was 62 years old.
2. On March 20, 2000, the plaintiff was employed by defendant-employer American Efird, Inc. On this day, a forklift operator mistakenly backed into a yarn buggy, causing the buggy to strike and pin the plaintiff against a wall.
3. The plaintiff reported the incident to her supervisor and sought medical treatment for abdominal and low back pain. The plaintiff received physical therapy and chiropractic treatment.
4. On April 21, 2000, the plaintiff was released to return to regular duty work by Dr. Bruce Wallace at CaroMont Urgent Care.
5. On August 18, 2000, the plaintiff was released to return to work without restrictions by Dr. Snyder at Riverbend Chiropractic.
6. The plaintiff was released to return to work on September 7, 2000, by Dr. Larson at CaroMont Family Medicine.
7. The plaintiff offered no expert medical testimony to establish that she suffers from a disabling medical condition caused by the incident at work on March 20, 2000.
8. Based upon the medical and other evidence of record, the plaintiff has failed to establish that she is disabled as a result of the incident at work on March 20, 2000.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of her employment on March 20, 2000. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff failed to establish that she is unable to earn the same wages she had earned before the injury, either in the same employment or other employment. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. The plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiff's claim for temporary total disability compensation is DENIED.
2. The defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
3. Each side shall bear its own costs.
This 30th day of January 2006.
 S/ ________________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER