The undersigned respectfully dissents in part from the Opinion and Award of the majority awarding plaintiff temporary total disability compensation. Plaintiff asserts that she suffered an injury by accident on January 28, 2004 and that she contracted an occupational disease as a result of her employment with defendant; however, plaintiff failed to prove that she suffered any disability as a result of either an injury by accident or an occupational disease resulting from her employment with defendant.
In order for a claimant to obtain an award for disability compensation, the claimant must prove that she was not able to earn the same wages in the same employment, that she was not able to earn the same wages in any other employment, and that her inability to earn wages was caused by her injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S. E. 2d 454 (1993). Plaintiff, in this case, has failed to prove disability as a result of either her fall on January 28, 2004 or her alleged occupational disease.
On January 29, 2004, plaintiff presented to Dr. Dembski with complaints of back and neck pain. Dr. Dembski saw plaintiff again on 6 different occasions, but none were related to plaintiff's back and neck pain. Dr. Dembski testified he saw plaintiff once for back pain on January 29, 2004 and that he wrote plaintiff out of work for three days for her back injury. He did not write plaintiff out of work again for her back injury.
Due to plaintiff's epicondylitis, Dr. Dembski wrote plaintiff out of work for four days between June 29, 2004 and July 2, 2004. As of June 30, 2004, plaintiff's prognosis was guarded, *Page 9 
but good, and Dr. Dembski opined that plaintiff could return to a modified job as of July 2, 2004. Therefore, plaintiff has not shown she was not able to return to work at the same wages either with defendant or another employer.
In addition, plaintiff was terminated from employment with defendant due to excessive absenteeism relating to matters other than her alleged workers' compensation injuries. Even without plaintiff's absences related to her alleged workers' compensation injuries, plaintiff had exceeded her allowed absences pursuant to defendant's attendance policy. As such, plaintiff's termination was a constructive refusal of suitable employment. Seagraves v. Austin Co. of Greensboro, 123 N.C. App. 228,472 S. E. 2d 397 (1996).
I do not believe plaintiff has met her burden of proof. Based upon the greater weight of the evidence, plaintiff failed to prove that she was disabled as a result of her January 28, 2004 injury or occupational disease; therefore, I believe plaintiff is not entitled to workers' compensation disability benefits.
This the ___ day of ___, 2006.
 S/_________________ BUCK LATTIMORE CHAIRMAN *Page 1