The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Gillen with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The date of injury was April 16, 2005.
2. The employee-employer relationship existed at all relevant times.
3. North Carolina Farm Bureau Mutual Insurance Company was the carrier on the risk. *Page 2 
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of the incident of April 16, 2005. Defendant employed the requisite number of employees to be bound under the provisions of said Act.
 5. The following items were stipulated into evidence:
 a. The Pre-Trial Agreement, marked as stipulated exhibit 1.
 b. A collection of plaintiff's medical records, marked as stipulated exhibit 2.
 c. Industrial Commission forms and attachments, marked as stipulated exhibit 3.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff had been employed by defendant for five days as a landscape laborer when he sustained a compensable injury to his right foot on April 16, 2005. The compensability of plaintiff's claim was accepted with a Form 60 dated April 29, 2005.
2. Plaintiff was treated initially at Carolinas Medical Center but was then referred to Dr. Dan Caffrey. Dr. Caffrey is an orthopaedic surgeon in Greensboro. Defendants provided and Dr. Caffrey directed plaintiff's care from April 28, 2005 to October 4, 2005.
3. On September 12, 2005 Dr. Caffrey released plaintiff to return to work with an orthotic shoe insert.
4. On October 4, 2005, Dr. Caffrey released plaintiff to return to work without restrictions. At that time Dr. Caffrey also found plaintiff to be at maximum medical improvement (hereinafter "MMI") and assigned plaintiff a 15% permanent impairment rating to *Page 3 
his right foot.
5. Defendants filed a Form 24 Application after plaintiff was released to return to work on September 12, 2005 and supplemented that Application when Dr. Caffrey released plaintiff to return to work without restrictions on October 4, 2005.
6. Plaintiff requested a second opinion as to his permanent impairment. Dr. Dennis Egnatz evaluated plaintiff for this purpose on October 18, 2005. Dr. Egnatz compiled a report that agreed with Dr. Caffrey's impairment rating but indicated that plaintiff should not climb ladders, should limit stair climbing, and should not lift over 50 pounds.
7. Plaintiff testified that he has not looked for work since the injury. Plaintiff furthermore acknowledged that his pre-injury job did not require him to drive or climb ladders and testified that his pre-injury job required him to lift rocks weighing between 2 to 30 pounds and rolls of grass weighing from 25 to 30 pounds. Plaintiff also testified that his pre-injury job required him to climb stairs on occasion, but that this was not a significant part of his job duties.
8. Dr. Caffrey testified by deposition that it remained his opinion that plaintiff could have returned to work without restrictions as of October 4, 2005.
9. Dr. Egnatz testified by deposition that plaintiff could return to work in the landscaping business under the work restrictions assigned in his previous report.
10. Having considered the medical records and testimony of Dr. Caffrey and Dr. Egnatz, along with their relative expertise and experience, as well as the circumstances of their involvement with plaintiff's treatment, the undersigned give greater weight to the testimony and expert opinions of Dr. Caffrey.
11. Plaintiff has presented insufficient evidence to show that a job search would have been futile. *Page 4 
12. Plaintiff's average weekly wage on April 16, 2005, as reflected by the Form 60 filed in this case, was $400.00, which yields a workers' compensation rate of $266.68.
13. On October 4, 2005, plaintiff's treating physician assigned plaintiff a 15% permanent impairment rating to his foot and released him to return to work without restrictions. This rating provides for 21.6 weeks of compensation.
14. Defendants have paid plaintiff compensation at a rate of $266.68 per week from October 4, 2005 until the present, a period greater than 21.6 weeks.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Given plaintiff's release to return to work without restrictions on October 4, 2005, defendants may terminate plaintiff's temporary total disability compensation as of October 4, 2005. In re: Harrington v.Adams-Robinson Enterprises, 128 N.C. App. 496, rev'd, 349 N.C. 218
(1998).
2. Defendants' Form 24 application was improvidently disapproved by the special deputy commissioner's Decision and Order filed November 22, 2005. In re: Harrington v. Adams-Robinson Enterprises,128 N.C. App. 496, rev'd, 349 N.C. 218 (1998); Russell v. Lowes Prod.Distrib., 108 N.C. App. 762 (1993).
3. As a result of his compensable injury on April 16, 2005, plaintiff has a fifteen percent (15%) permanent partial disability of his right foot, for which plaintiff is entitled to compensation benefits for a period of 21.6 weeks at a rate of $266.68 per week. N.C. Gen. Stat. § 97-31(14). *Page 5 
4. On October 4, 2005, the day plaintiff's treating physician released him to return to work without restrictions and evaluated him to have reached MMI, plaintiff's right to receive compensation pursuant to N.C. Gen. Stat. § 97-29 ended and his right to receive compensation pursuant to N.C. Gen. Stat. § 97-31(14) began. Because defendants have paid plaintiff compensation at a rate of $266.68 per week since October 4, 2005 to the present, a period longer than 21.6 weeks, plaintiff is not entitled to any additional compensation.
6. Plaintiff is entitled to payment of all past and future medical expenses incurred for treatment of his compensable injury. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants' Form 24 application is HEREBY APPROVED. Defendants accordingly may terminate plaintiff's temporary total disability compensation as of October 4, 2005.
2. Plaintiff is not entitled to additional compensation for permanent partial impairment as such compensation has already been paid.
3. Defendants shall pay all past and future medical expenses incurred for treatment of plaintiff's compensable injury.
4. The defendants shall pay the costs.
This the 20th day of March, 2007.
S/__________________
BUCK LATTIMORE
CHAIRMAN
CONCURRING:
S/__________________
PAMELA T. YOUNG
COMMISSIONER
S/__________________
BERNADINE S. BALLANCE
 COMMISSIONER *Page 1