***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Phillips.
 ***********
The following documentary evidence was received as:
 EXHIBITS 1. Plaintiff's Ex. #1-IC Forms, Medical Records and Medical Bills
 2. Plaintiff's Ex. #2 (Not introduced) *Page 2 
 3. Plaintiff's Ex. #3 — Medical Questionaire
 4. Plaintiff's Ex. #4 — Medical Bills
 4. Defendant's Ex. #1-Letter dated 11/8/07
 *********** ISSUES
The issues for determination are:
1. Whether an employment relationship existed between Plaintiff and Defendant Sandoval under the North Carolina Workers' Compensation Act?
2. Was Sandoval a Subcontractor to Popan when Plaintiff was injured?
3. Is the alleged General Contractor, Popan, a statutory employer within the parameters of N.C. Gen. Stat. § 97-19?
4. Whether Plaintiff was injured in the course and scope of employment?
5. What, if any, benefits are due to Plaintiff?
6. Whether any penalties should be assessed for Defendant's failure to provide workers' compensation insurance as required by the Act?
7. What was Plaintiff's average weekly wage at the time of his injury?
 ***********
Based upon the competent credible evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, Plaintiff was 33 years old with a birth date of 12/21/75. Plaintiff is from Guatemala and speaks no English. Plaintiff *Page 3 
completed the eight grade of elementary school. Plaintiff's previous work experience has been in the carpentry business.
2. On November 21, 2007, Plaintiff was struck by a nail in his right eye while performing framing work on a home under new construction located in the Windsor Point subdivision in Taylorsville, North Carolina.
3. Plaintiff's injury by accident resulted in a serious right eye injury. Plaintiff underwent emergency surgery by Dr. Brian Adair to repair a right lens displacement and a right corneal laceration. Plaintiff was then seen in follow-up by Dr. Adair and his partner, T. Reginald Williams, at Graystone Ophthalmology Associates. Dr. Williams recommended a pars plana vitrectomy and a pars plana lensectomy. Plaintiff received a second opinion from Dr. Samiy at the Retina Institute of the Carolinas. Dr. Samiy also recommended a pars plana vitrectomy and a pars plana lensectomy.
4. Plaintiff received a third opinion from Dr. William Porfilio of the Alamance Eye Center on March 12, 2009. Dr. Porfilio recommended a corneal transplant with secondary intraocular lens displacement and a pars plana vitrectromy. On April 22, 2009, Dr. Porfilio recommended indefinite work restrictions of no working around heavy machinery or on rooftops. Dr. Porfilio permitted Plaintiff to use hand tools and power tools. Dr. Porfilio did not impose any weight restrictions. Dr. Porfilio also recommended that Plaintiff wear polycarbonate spectacles at all times.
5. Defendant, Christian Paul Popan, is a general contractor duly licensed by the State of North Carolina. Defendant Popan was hired by the owner of Windsor Point lot to construct a new home on the lot on which Plaintiff was injured. *Page 4 
6. Defendant Popan subcontracted the siding and framing work on the Windsor Point project to Mr. Arturo Sandoval.
7. Plaintiff and Defendant Popan testified that Plaintiff was a direct employee of Arturo Sandoval. Plaintiff grossed $400.00 per week while working for Arturo Sandoval on the Windsor Point job site. Popan did not employ three or more employees at the time of Plaintiff's injury by accident on November 21, 2007.
8. Defendant Popan did not receive a valid certificate of insurance from Mr. Sandoval for the Windsor Point project. Mr. Sandoval had no workers' compensation coverage on the date of Plaintiff's November 21, 2007, work-related injury by accident.
9. Plaintiff has been physically unable to perform the type of work that he was performing on the date of his injury due to decreased vision and focus in the right eye.
10. Plaintiff engaged in a meaningful job search following his injury by accident, in attempt to find suitable work within his physical limitations. Plaintiff has not worked from November 21, 2007, to the date of the hearing, except for four weeks in 2008, when he attempted to do construction work.
11. Plaintiff has not yet reached maximum medical improvement.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The North Carolina Industrial Commission has jurisdiction of this matter. *Page 5 
3. On November 21, 2007, Plaintiff sustained a compensable injury by accident, which arose out and in the scope of his employment with Arturo Sandoval. N.C. Gen. Stat. § 97-2(6).
4. An employment relationship existed between Plaintiff and Sandoval.
5. Defendant Popan is a general contractor who sublet to Mr. Sandoval, a contract for performance of framing work at the Windsor Point.
6. Defendant Popan, a general contractor, did not secure a certificate of insurance or a certificate of compliance, from Sandoval. Defendant Popan is therefore liable as the statutory employer. N.C. Gen. Stat. § 97-19.
7. Based upon the credible vocational and medical evidence of record, as the result of his November 21, 2007, injury by accident, Plaintiff has met his burden of proving disability pursuant to the second prong of the test set forth in Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
8. Plaintiff's average weekly wage is $400.00 per week, yielding a compensation rate of $266.68. N.C. Gen. Stat. § 97-2(5).
9. Plaintiff is entitled to have Defendant Popan pay to Plaintiff, temporary total disability compensation at the rate of $266.68 per week from November 21, 2007 and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
10. Plaintiff is entitled to past and future medical compensation for his November 21, 2007, injury by accident, including but not limited to his November 21, 2007, right eye surgery and any and all medical treatment for his right eye injury undertaken or recommended by Dr. Adair, Dr. Williams, Dr. Samiy, Dr. Porfilio, and any other treating physicians. N.C. Gen. Stat. § 97-25. *Page 6 
11. The Full Commission concludes that Defendant Popan was not required to have workers' compensation coverage because he did not employ three or more employees.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee awarded herein, Plaintiff is entitled to temporary total disability benefits under N.C. Gen. Stat. § 97-29 at a compensation rate of $266.68 per week from November 21, 2007 to the present, and continuing, with the exception of four weeks, until Plaintiff returns to suitable employment or until further Order of the Commission. As much compensation as has accrued, said compensation shall be paid in a lump sum. Defendant Popan shall pay this compensation.
2. A reasonable attorney's fee of twenty-five percent (25%) of the total compensation awarded to Plaintiff in Paragraph 1 above is hereby approved to be paid directly to Plaintiff's Counsel. The attorney's fee on the compensation that has accrued shall be paid in a lump sum and paid directly to Plaintiff's Counsel. For the ongoing disability benefits, the attorney's fee shall be paid directly to Plaintiff's Counsel, either as 25% of each disability check or as every fourth check.
3. Plaintiff is entitled to payment of all past and future medical expenses related to his November 21, 2007, eye injury, pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25. This includes medical expenses from Carolinas Medical Center, CMC Faculty Physicians, Catawba Valley Medical Center, Graystone Ophthalmology Associates, Retina Institute of the Carolinas, *Page 7 
and Alamance Eye Center. To date, these medical expenses total $4,075.23. Defendant Popan shall pay this medical compensation.
4. The penalty action against Defendant Popan brought by the Attorney General's Office on behalf of the State of North Carolina is hereby DISMISSED with prejudice.
5. Defendant Popan shall pay the costs of this action.
This the __ day of December 2009.
 S/__________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
 S/__________ STACI T. MEYER COMMISSIONER *Page 1