***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission AFFIRMS with some modifications, the Opinion and Award of Deputy Commissioner Phillips.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
The parties stipulated into evidence the following at the hearing before the Deputy Commissioner:
1. Plaintiff sustained an injury by accident during the course and scope of his employment on July 19, 2007.
2. As a consequence of the above referenced injury, plaintiff sustained a fracture to his right fibula.
3. On all relevant dates, an employee-employer relationship existed between plaintiff and defendant-employer.
4. Plaintiff's average weekly wage was $400.00, yielding a compensation rate of $266.67.
5. Plaintiff remained out of work from the date of his injury, July 19, 2007 through November 18, 2008 when he returned to employment earning wages greater than or equal to his pre-injury rate of pay.
6. The following exhibits were stipulated into evidence:
 a. Stipulated Ex. #1 — Plaintiff's Medical Records
 b. Stipulated Ex. #2 — 2006 and 2007 U.S. Income tax returns of Ricky Hunt
 c. Stipulated Ex. #3 — 2006 and 2007 U.S. Income tax returns of Lenwood Hunt
 d. Stipulated Ex. #4 — Certificate of Registration of Hunt Hammonds New Used Cars *Page 3 
 e. Stipulated Ex. #5 — Plaintiff's Medical Bills
 f. Stipulated Ex. #6 — Medicaid Reimbursement Claim Itemization dated July 17, 2008
 g. Stipulated Ex. #7 — Photographs of physical address of location of injury
 h. Plaintiff's Ex. #1 — Supplemental Discovery Responses of Ricky Hunt, including 2007 Form 1099
 i. Plaintiff's Ex. #2 — U.S. Department of Treasury, Internal Revenue Service 2007 Instructions for Schedule C
 j. Plaintiff's Ex. #3 — Form 25R
 k. Plaintiff's Ex. #4 — Updated Medicaid Reimbursement Claim Itemization dated May 7, 2009
 *********** ISSUES
1. Whether an employment relationship existed between plaintiff and defendant-employer under the North Carolina Workers' Compensation Act?
2. Whether plaintiff was injured in the course of his employment?
3. What, if any, benefits are due plaintiff?
4. Whether any penalties should be assessed for defendant-employer's failure to provide workers' compensation insurance as required by the Act?
 ***********
Based upon the competent, credible evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 40 years old with a date of birth of December 23, 1968. Plaintiff is a high school graduate. Plaintiff previously worked as a mechanic in automotive and small engine repairs.
2. Hunt Hammonds Used Cars is a sole proprietorship owned by defendant, Lenwood Hunt, and is located at 3280 Martin Luther King, Jr., Drive in Lumberton, NC.
3. On July 19, 2007, plaintiff was working as an automobile mechanic for Hunt Hammonds Used Cars at a gross rate of pay of $400.00 per week.
4. In legally required filings with the North Carolina Division of Motor Vehicles, Lenwood Hunt, listed his son, Ricky Hunt, as a salesman employed by Hunt Hammonds Used Cars. This listing entitled Hunt Hammonds Used Cars to an extra "Dealer" license plate which was placed on a vehicle owned by Ricky Hunt.
5. Defendant Ricky Hunt ostensibly operated a business also located at 3280 Martin Luther King, Jr., Drive, under the name "Hunt's New Used Tires." Ricky Hunt testified that he employed an individual named Brandon Hill and that this business operated out of a tire shop located at this address. Defendant Lenwood Hunt testified that Hunt Hammonds Used Cars only employed his granddaughter, Amanda Hunt, and plaintiff.
6. Within the year 2007 and before plaintiff's injuries, plaintiff, Ralph "Purcell" Hammonds, Terry Hunt, Sabrina Locklear, a man called "T.J.", Don Eddings, and Ricky Hunt all worked for Lenwood Hunt. Brandon Hill and Amanda Hunt were also regular employees of Lenwood Hunt. All employees answered to Lenwood Hunt, who was in charge of both operations. During the year 2007, three mechanics worked for Lenwood Hunt, including plaintiff, "Purcell" Hammonds and Terry Hunt. Amanda Hunt notarized titles. All employees *Page 5 
were typically paid by Lenwood Hunt in cash at a set time. Lenwood Hunt did not withhold taxes and did not provide 1099's to his employees.
7. Brandon Hill was often requested by Lenwood Hunt or Ricky Hunt to assist plaintiff with his job responsibilities. Likewise, plaintiff was often requested by Lenwood Hunt or Ricky Hunt to assist Brandon Hill with Mr. Hill's job responsibilities. Plaintiff believed he would suffer adverse employment consequences if he refused a request made by Ricky Hunt or Lenwood Hunt.
8. When plaintiff applied for his job with Hunt Hammonds Used Cars, he was interviewed by both Lenwood Hunt and Ricky Hunt, and was advised that he would be expected to perform work requested by either Lenwood Hunt or Ricky Hunt.
9. Plaintiff accompanied and assisted Ricky Hunt on a business trip, as instructed by Lenwood Hunt, for the purpose of purchasing tires for sale by Hunt's New Used Tires.
10. Only one vehicle lift was located at the job site at 3280 Martin Luther King, Jr., Drive. This lift was ordinarily utilized by Brandon Hill in the tire shop out of which Ricky Hunt operated his alleged business. If Plaintiff required the use of a vehicle lift in the performance of his duties as an automobile mechanic for Hunt Hammonds Used Cars, Lenwood Hunt required Brandon Hill to immediately allow plaintiff to utilize the vehicle lift.
11. Plaintiff regularly received his wage payment from Lenwood Hunt. Plaintiff received payment of wages from Ricky Hunt once during his employment.
12. Ricky Hunt produced in discovery a 2007 Form 1099 identifying Hunt's New Used Tires as the payer, but listing the federal tax identification number for Hunt Hammonds Used Cars. *Page 6 
13. Photographs entered into evidence as stipulated Exhibit #7 depicted advertising signs posted at 3280 Martin Luther King, Jr. Drive. Although Hunt's New Used Tires had its own signs and Hunt Hammonds Used Cars had its own signs, the identical telephone number was listed on both signs.
14. Plaintiff wore a uniform while at work which did not identify him as being an employee of a particular business. The only identifying characteristic on the uniform was a patch which identified plaintiff only by first name. Brandon Hill and Ricky Hunt wore the same uniform as did plaintiff with similar patches, only identifying first name. The uniforms cost $12.00. Ricky Hunt claimed $1,484.00 on his tax return as a business expense for the uniforms provided to all three individuals.
15. Defendants' contention that Hunt's New Used Tires is a separate entity from Hunt Hammonds Used Cars is without merit. The Full Commission finds as fact that Lenwood Hunt and Ricky Hunt operated out of the same physical location, shared the same tax identification number, shared the same phone number, shared employees and shared equipment. Therefore, the Commission finds that Hunt Hammonds Used Cars and Hunt's New Used Tires are one and the same, that defendant-employer had three or more regularly employed employees and was subject to the Workers' Compensation Act.
16. Plaintiff's injury while on the job on July 19, 2007, occurred after Lenwood Hunt directed plaintiff to locate a fuel pump. Plaintiff climbed up a pile of tire rims to reach the fuel pump and fell. Plaintiff sustained an injury to his right ankle as a result of this fall. The accident occurred at 3280 Martin Luther King, Jr., Drive in Lumberton.
17. Plaintiff's injury by accident resulted in a right ankle injury. Plaintiff was taken to McLeod Medical Center where he was diagnosed with a right distal fibula fracture and *Page 7 
advised to follow-up with an orthopedic surgeon. Plaintiff got an orthopedic referral from South Robeson Medical Center. Prior to his scheduled appointment with his primary care physician, plaintiff presented to the emergency department at Southeastern Regional Medical Center due to ongoing pain.
18. On July 23, 2007, plaintiff first presented to Dr. David Allen of Allen Orthopedics. Plaintiff underwent a right ankle open reduction-internal fixation on August 1, 2007, and continued with follow-up care with Dr. Allen thereafter.
19. Plaintiff remained under Dr. Allen's work restrictions which prevented him from standing or walking on his right leg from the date of his injury through November 15, 2007. Thereafter, Dr. Allen entered restrictions limiting plaintiff to standing or walking no more than two hours per day at work until plaintiff's second surgery.
20. Due to ongoing pain in his right ankle, plaintiff was referred to Dr. James DeOrio at Duke Medical Center. Dr. DeOrio advised that Dr. Allen might want to remove a distal screw which had started to come out. Plaintiff was also referred to Dr. Thomas Florian of Hermitage Medical Clinic for pain management care. On May 6, 2008 Dr. Florian advised plaintiff to avoid all weight-bearing on his right foot until the time of surgery for removal of instrumentation in plaintiff's right ankle. Dr. Florian noted that one of the screws used in the internal fixation had come out some distance.
21. On August 20, 2008, plaintiff underwent surgery with Dr. Allen at Southeastern Regional Medical Center for removal of the internal fixator plate in his right ankle. Plaintiff continued to follow-up in care with Dr. Allen until October 6, 2008.
22. Following the second surgery with Dr. Allen on August 20, 2008, plaintiff next had an appointment with Dr. Allen on September 4, 2008. At that time, Dr. Allen issued work *Page 8 
restrictions that plaintiff was not to stand more than four hours per day at work. Dr. Allen continued these same work restrictions at plaintiff's next appointment on October 6, 2008. On that date, Dr. Allen requested that plaintiff return in six weeks time. Plaintiff lacked the financial means to continue medical care.
23. After July 19, 2007, plaintiff was unable to perform the duties and responsibilities of his job as an automobile mechanic while under the work restrictions issued by Dr. Allen and Dr. Florian. Given the extensive work restrictions and plaintiff's limited education and training specifically as a mechanic, it would have been futile for plaintiff to look for work until his restrictions were removed after his second surgery.
24. Plaintiff obtained employment as an auto mechanic at a rate of pay greater than his pre-injury earnings on November 18, 2008.
25. Dr. Allen completed a Form 25R on June 1, 2009, indicating that plaintiff had reached maximum medical improvement, and assigned a 20% permanent partial impairment rating to plaintiff's right ankle. Dr. Allen released plaintiff to return to activities as tolerated.
26. The North Carolina Division of Medical Assistance made Medicaid payments in the amount of $8,339.65 for reasonable and necessary medical treatments required by plaintiff as a consequence of his work-related injury of July 19, 2007. The North Carolina Division of Medical Assistance is subrogated to any rights of recovery of plaintiff to the extent of Medicaid payments made on behalf of plaintiff.
27. Defendants had no workers' compensation coverage on the date of plaintiff's July 19, 2007, work-related injury by accident.
 *********** *Page 9 
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Based upon the entire evidence of record, the greater weight of the evidence shows that Lenwood Hunt is the sole proprietor of Hunt Hammonds Used Cars. N.C. Gen. Stat. § 97-2.
2. On July 19, 2007, Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, employed three or more individuals, and is therefore subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(1). Therefore, the North Carolina Industrial Commission has jurisdiction of this matter. N.C. Gen. Stat. § 97-2.
3. An employment relationship existed between plaintiff and defendant-employer, Lenwood Hunt d/b/a Hunt Hammonds Used Cars. N.C. Gen. Stat. § 97-2(1).
4. On July 19, 2007, plaintiff sustained a compensable injury by accident, arising out of and in the course of his employment with Hunt Hammonds Used Cars. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff's average weekly wage is $400.00 per week, yielding a compensation rate of $266.68. N.C. Gen. Stat. § 97-2(5).
6. From July 19, 2007 through November 18, 2008, plaintiff's work restrictions and disability prevented him from performing the type of work he was performing on the date of his injury, and it would have been futile for him to look for work based upon his educational and vocational history. Plaintiff was unable to find suitable employment within his physical limitations until November 18, 2008, despite a meaningful job search. Russell v. Lowes Prod. Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). Plaintiff therefore remained *Page 10 
disabled from any employment from July 19, 2007 through November 18, 2008 and is entitled to have defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, pay to plaintiff temporary total disability compensation at the rate of $266.68 per week from July 19, 2007 through November 18, 2008, resulting in 69 2/7 weeks of temporary total disability compensation totaling $18,477.11. N.C. Gen. Stat. § 97-29.
7. As a result of his compensable injury by accident, plaintiff is entitled to have defendant-employer Lenwood Hunt d/b/a/ Hunt Hammonds Used Cars, pay the amount of $8,339.65 as payment of past medical compensation due for plaintiff's July 19, 2007, injury by accident, to which the North Carolina Division of Medical Assistance is subrogated to such right of recovery by plaintiff. N.C. Gen. Stat. §§ 97-25, 108A-57.
8. Plaintiff is entitled to have defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, make payment for all future medical expenses related to plaintiff's July 19, 2007, injury pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25.
9. Plaintiff is entitled to payment by defendant-employer Lenwood Hunt, d/b/a Hunt and Hammonds Used Cars, in the amount of $7,680.38, for the 20% permanent partial impairment rating to plaintiff's foot. N.C. Gen. Stat. § 97-31.
10. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b).
11. Anyone with the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so may be assessed a penalty equal to 100% of the *Page 11 
amount of compensation due defendant's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93 as set out in N.C. Gen. Stat. § 97-94(d). Lenwood Hunt, as owner and operator of Hunt Hammonds Used Cars, had the ability and authority to bring the employer into compliance with the North Carolina Workers' Compensation Act and failed to do so.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee awarded below, defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, shall pay plaintiff temporary total disability benefits at a compensation rate of $266.68 per week from July 19, 2007 through November 18, 2008, for a lump sum of $18,477.11.
2. Subject to a reasonable attorney's fee awarded below, defendant-employer, Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, shall pay plaintiff for the permanent partial impairment to his ankle sustained as a result of the July 19, 2007 injury by accident. Said compensation shall be paid in a lump sum totaling $7,680.38.
3. The North Carolina Division of Medical Assistance is entitled to payment of past medical expenses made on behalf of plaintiff for his July 19, 2007 injury pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25. Defendant-employer Lenwood Hunt, d/b/a Hunt and Hammonds Used Cars, shall pay plaintiff the sum of $8,339.65 representing medical expenses paid on behalf of plaintiff to this date. Plaintiff shall reimburse to the North Carolina Division of Medical Assistance all payments received pursuant to this paragraph, under N.C. Gen Stat. 108A-57. *Page 12 
4. Defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, shall pay for all future medical expenses related to plaintiff's July 19, 2007, injury pursuant to N.C. Gen. Stat. §§ 97-2(19) and 97-25 so long as it tends to provide relief, effect a cure or lessen the period of disability.
5. A reasonable attorney's fee of 25% of the total compensation awarded to plaintiff in Paragraphs 1 and 2 above is hereby approved to be paid directly to plaintiff's counsel. The attorney's fee in the amount of $6,539.37 shall be paid in a lump sum and paid directly to plaintiff's counsel. The remainder of the sum of compensation awarded in Paragraphs 1 and 2 above, which total $19,618.11, shall be paid to plaintiff, Dale Hunt.
6. Defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, is ordered to pay the State of North Carolina penalties for the sum of $50.00 which represents $50.00 per day for the date of July 19, 2007, that defendant-employer failed to secure workers' compensation coverage in accordance with the Workers' Compensation Act.
7. An additional penalty of 100% of the amount of compensation due to plaintiff in this matter is assessed against Lenwood Hunt individually for failing to comply with the terms of N.C. Gen. Stat. § 97-93. A check in the amount of $34,497.14 shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy C. Curtner in the Fraud Section of the North Carolina Industrial Commission.
8. Defendant-employer Lenwood Hunt, d/b/a Hunt Hammonds Used Cars, shall pay the costs of this action.
This the 4th day of February, 2010.
 S/___________________ *Page 13 
LAURA KRANFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1