***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell and enters the following Opinion and Award:
 *********** EVIDENTIARY MATTERS
Plaintiff made an oral Motion to Reopen the Record and Receive Additional Evidence, during hearing before the Full Commission. The Full Commission finds based on the arguments presented by the parties, that Plaintiff's Motion is without good grounds and is hereby DENIED.
 *********** *Page 2 
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. That all parties subject to and bound by the North Carolina Workers' Compensation Act.
3. That all parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. That insurance coverage existed on date of injury.
5. That the Plaintiff alleges to have sustained a compensable injury on March 19, 2008.
6. Plaintiff is presently receiving ongoing TTD benefits at a rate of $351.65 a week, the correct compensation rate.
7. That Plaintiff has been paid compensation consisting of disability benefits since March 20, 2008, and medical treatment. Defendants have accepted Plaintiff's March 19, 2008, injury to his left great toe as compensable.
8. The parties stipulated into evidence as Stipulated Exhibit No. 1, Pre-Trial Agreement, as modified and initialed by the parties.
9. The parties stipulated into evidence as Stipulated Exhibit No. 2, medical records.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff has received treatment for his left great toe from Dr. Jay Parikh, an orthopedic surgeon and Dr. Michael Kerzner, a podiatrist.
2. Plaintiff is presently receiving ongoing disability benefits. Plaintiff has received ongoing disability benefits since March 20, 2008.
3. On October 31, 2008, Dr. Parikh released Plaintiff to return to work with restrictions of no kicking with the left great toe and determined Plaintiff to be at maximum medical improvement. Dr. Parikh assigned a 5% permanent partial disability rating to Plaintiff's foot.
4. On January 21, 2009, Plaintiff was seen by Dr. Kerzner for removal of his toenail. Plaintiff's toenail was removed.
5. Dr. Kerzner did not assign any work restrictions to Plaintiff. However, Dr. Kerzner testified in his deposition that he would have limited standing and walking for a "brief" period of time until the sutures were removed. The toenail removal surgery was performed on February 4, 2009, and his sutures removed on February 19, 2009.
6. Dr. Kerzner was specifically asked about Plaintiff's work abilities and ability to return to work as an electrician or a plumber. Dr. Kerzner responded with an unqualified "yes" that Plaintiff could return to work as a plumber or electrician.
7. Plaintiff has possessed full wage earning capacity beginning October 31, 2008. Other than February 4-19, 2009, Plaintiff has not been disabled due to his work related restrictions. There is no evidence that Plaintiff's inability to obtain employment is due to his restrictions. *Page 4 
8. Defendants are entitled to terminate disability benefits effective October 31, 2008, except for the period of February 4-19, 2009.
9. Defendants are entitled to a credit for benefits paid to Plaintiff since October 31, 2008, except for the period of February 4-19, 2009.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. There is no evidence that Plaintiff's current failure to obtain employment is due to restrictions related to his work injury. Therefore, Defendants may terminate temporary total disability compensation (TTD) following Plaintiff's October 31, 2008 release by Dr. Parikh. Russell v.Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
2. Plaintiff is entitled to permanent partial disability compensation at the rate of a 5% rating to the foot and TTD benefits from February 4-19, 2009. The 5% rating to the foot yields 7.2 weeks of compensation, multiplied by Plaintiff's compensation rate of $351.65, gives an amount of $2,531.88. Plaintiff is entitled to TTD benefits for the period from February 4-19, 2009, which is 2.71 weeks of compensation and amounts to $952.97. Plaintiff is therefore entitled to $3,484.85 in compensation. N.C. Gen. Stat. §§ 97-29, 97-31.
3. Defendants are entitled to a credit for overpayment of disability benefits paid after October 31, 2008. However, as Defendants credit for benefits paid to Plaintiff exceeds the stated benefits, the payment of the rating and benefits for February 4-19, 2009 shall be deemed paid. N.C. Gen. Stat. § 97-42. *Page 5 
4. Plaintiff is entitled to have Defendants pay for medical expenses incurred or to be incurred as a result of the compensable injury to his left great toe as may be required to provide relief, effect a cure or lessen the period of disability, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendants are entitled to take a credit from any temporary total disability compensation paid to Plaintiff subsequent to October 31, 2008, less the value of Plaintiff's assigned permanent partial disability rating and benefits paid February 4-19, 2009.
2. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved by the Commission in accordance with the provisions of the Act.
3. Each side shall bear its own costs.
This the 2nd day of July, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1