***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly brought before the Industrial Commission, are subject to and bound by the provisions of the Workers' Compensation Act, that the Commission has jurisdiction over the parties and of the subject matter, and that an employer-employee relationship existed between plaintiff and defendant-employer.
2. All parties have been correctly designated, that defendant-employer has designated Corvel Corporation as its Third Party Administrator, that defendant-employer is properly on the risk, and there are no questions as to insurance coverage of the parties.
3. Plaintiff's average weekly wage is $849.59 and that her weekly compensation rate is $566.42.
4. As a consequence of the work-related injury, plaintiff's treating physician prescribed that she remain out of work beginning June 21, 2010. Plaintiff's physician had not released her to return to any work as of August 2, 2010, the date that defendant initiated temporary total disability compensation.
5. Plaintiff is a 10-month employee. Plaintiff was employed with defendant for part of the year in 2008 where she received $7,168.64 in wages. In the 2008-2009 school year, plaintiff received $42,874.61 in wages. Plaintiff was contracted to work for the 2009-2010 school term. She worked the first semester where she received $30,389.67 in wages, and she was contracted to work for the second semester from August 2, 2010, to December 31, 2010, for $22,368.00 if she had not resigned her position with defendant. Plaintiff's last official working day was October 15, 2010.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS *Page 3 
1. Stipulated Exhibit Number 1: June 21, 2010 Operative Report by Dr. Glenn Perry
2. Stipulated Exhibit Number 2: Industrial Commission Forms
3. Stipulated Exhibit Number 3: Claim Payment Register
4. Stipulated Exhibit Number 4: October 29, 2009 Salary Letter
5. Stipulated Exhibit Number 5: Summary Paycheck History Report
6. Stipulated Exhibit Number 6: Pre-Trial Agreement
 ***********
As set forth in the Pre-Trial Agreement and Deputy Commissioner Griffin's March 14, 2011 Opinion and Award, the Full Commission addresses the following:
 ISSUES
1. Whether plaintiff was disabled under N.C. Gen. Stat. § 97-29, and therefore, entitled to benefits between June 12, 2010, and August 1, 2010?
2. Whether defendant has defended the action without reasonable grounds under N.C. Gen. Stat. § 97-88.1?
 ***********
Based upon the preponderance of the evidence from the entire record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was hired at Central Piedmont Community College as an Instructor in the Culinary Arts Building. She was employed as a full time 10-month employee with the summer months scheduled off. *Page 4 
2. On January 8, 2010, plaintiff suffered a compensable injury by accident while in the course and scope of her employment with defendant. She sustained injuries to her left knee, lower back, and upper back.
3. On June 21, 2010, plaintiff underwent arthroscopic and debridement procedures to her left knee, which was performed by Dr. Glenn Perry.
4. As a result of her injury and resulting surgery, Dr. Perry wrote plaintiff out of work beginning June 21, 2010.
5. Defendant denied plaintiff was entitled to temporary total disability benefits from June 21, 2010, through August 1, 2010, because she was not scheduled to work for the summer months. On August 2, 2010, defendant initiated payment of temporary total disability benefits as plaintiff remained out of work under Dr. Perry's instructions. August 2, 2010, was the first day of her second semester contract with defendant-employer.
6. On October 15, 2010, plaintiff returned to employment with a different employer. As a result, defendant terminated temporary total disability compensation payments.
7. The calculation of plaintiff's average weekly wage is controlled by the North Carolina Court of Appeals case ofConyers v. New Hanover County Schools,188 N.C. App. 253, 654 S.E.2d 745 (2008). Conyers instructs that for a 10-month employee, the average weekly wage should be calculated by dividing plaintiff's earnings in the 52 weeks prior to the injury by 52 weeks. Defendant followed this method of calculation to determine plaintiff's average weekly wage and defendant's calculation of plaintiff's average weekly wage provided results that are fair and just to both the employer and employee, and which most nearly approximates the amount plaintiff would be earning were it not for her injury. The parties have stipulated, and the Full *Page 5 
Commission finds, plaintiff's correct average weekly wage pursuant to Conyers is $849.59, which yields a weekly compensation rate of $566.42.
8. Conyers further instructs that a 10 month employee, when determined to be eligible for disability compensation, is to be paid such compensation every week, including the weeks of her summer vacation. The parties have stipulated, and the Full Commission finds, that plaintiff is a 10 month employee.
9. Based on the greater weight of the medical evidence of record, plaintiff was totally disabled from employment from June 21, 2010, to August 1, 2010, and is entitled to receive temporary total disability benefits for this period.
10. Defendant has argued that plaintiff should not receive disability compensation for the months of her summer vacation. This argument is not well taken as the aforementioned case ofConyers v. New Hanover County Schools is directly on point with the instant case and demands the opposite conclusion. Furthermore, the position of defendant, if followed, would not be fair and just to plaintiff. Defendant argues that plaintiff's average weekly wage should be based on dividing her 10 month earnings by the whole year, 52 weeks, but then argues that compensation should be denied for those parts of the whole year that plaintiff is not working. The Full Commission finds no relevant facts in this case to distinguish it from Conyers. Conyers was controlling precedent at the time of the denial of payment of disability compensation owed to plaintiff, controlling at the time of the hearing before the Deputy Commissioner, and controlling at the time of the hearing before the Full Commission. The Full Commission finds, by the preponderance of the evidence of record, that defendant has engaged in stubborn, unfounded litigiousness.
 *********** *Page 6 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 8, 2010, plaintiff sustained an injury by accident arising out of and in the course of her employment. As a result of her compensable accident, she sustained injuries to her left knee, right foot, lower back, and upper back. N.C. Gen. Stat. § 97-2(6).
2. The calculation of plaintiff's average weekly wage is controlled by the North Carolina Court of Appeals case ofConyers v. New Hanover County Schools,188 N.C. App. 253, 654 S.E.2d 745 (2008). Following the method set forth in Conyers, plaintiff's average weekly wage is $849.59, which yields a weekly compensation rate of $566.42.Id.
3. An employee may meet his burden of proving disability in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work-related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution,108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). In the instant case, plaintiff has established, by the preponderance of the medical evidence of record, that she was totally disabled as a result of her compensable injury from June 21, 2010, through August 1, 2010, the period of time in dispute between the parties. *Page 7 
4. Although plaintiff only worked 10 months out of the calendar year as a school employee, "the compensation she collects for workers' compensation will be paid every week, including the weeks of her summer vacation." Conyers v. New Hanover CountySchools, 188 N.C. App. 253, 654 S.E.2d 745 (2008).
5. Defendant has brought this hearing and defended plaintiff's claim without reasonable grounds, and therefore plaintiff is entitled to attorneys' fees in this matter. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Subject to a reasonable attorney's fee approved herein, defendant shall pay plaintiff temporary total disability benefits at the weekly compensation rate of $566.42 for the period June 21, 2010 through August 1, 2010, the period of time in dispute between the parties. Said amount has accrued and shall be paid in one lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due Plaintiff under paragraph 1 of this Award is approved for Plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of the lump sum due Plaintiff shall be deducted and paid directly to Plaintiff's counsel.
3. As a sanction for defendant's stubborn, unfounded litigiousness they shall pay a reasonable attorney's fee to plaintiff's counsel in an amount based on counsel submitting a time statement with regard to time spent in defense of this hearing. Said statement shall be submitted *Page 8 
to the Full Commission within twenty (20) days of the file date of this Opinion and Award. Thereafter, the Full Commission will file an Order setting the attorney's fees.
4. Defendant shall pay the costs.
This the 1st day of September, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1